MALONEY MERCANTILE COMPANY v. JOHNSON COUNTY SAVINGS BANK.

Decided June 12, 1909.

**1.—Corporation—Failure to Pay Franchise Tax—Effect.**

The fact that the right of a domestic corporation to do business had been forfeited because of the continued failure to pay its franchise tax, would not of itself destroy its corporate existence so that it could not be sued, and this, though it may have assigned its assets and ceased to do business.

**2.—Same—Statute Construed.**

A corporation whose right to do business in this State has been forfeited in accordance with the provisions of article 5243-i and the amendments thereto (Gen. Laws 1905, p. 21, and 1907, p. 505) is not to be denied defensive relief, such as non est factum, fraud or failure of consideration, when sued upon a claim which arose before the forfeiture.

Appeal from the County Court of Erath County. Tried below before Hon. M. J. Thompson.

*J. B. Keith,* for appellant.—Where a private corporation has no of-

fices and has abandoned all of its business, sold its entire assets, and its franchise tax has not been paid, and it is not recognized by the State as a corporation, it can not be sued, neither can it sue. Acts Thirtieth Leg., 505, sec. 8; Sulphur Springs & M. P. Ry. Co. v. St. Louis, A. & T. in Texas, 2 Texas Civ. App., 650; Acts Twenty-ninth Leg., p. 23, sec. 5243i.

A law which authorizes a suit and judgment against an individual or corporation, and at the same time denies such individual or corporation the right to make a legitimate defense to such cause of action, would be unconstitutional and void. Not only this, the law relied upon by the court to sustain its action in this matter would authorize a defense to be made to a cause of action which arose before the right to do business under its charter was forfeited.

W. H. Garrett, for appellee.—Negligence of the officers of a corporation in failing to pay the franchise tax required by law, and to elect officers by the directors, is no cause for abatement or dismissal of suit, and could not be pleaded to the prejudice of appellee. Beach on Corporations, par. 50.

Until a corporation has been dissolved by a proceeding for that purpose, the corporation is the proper party to defend in an action against it. Rippstein v. Haynes Medina Valley Ry. Co., 85 S. W., 314.

A corporation having failed to pay its franchise tax as required by law, and having its "right to do business forfeited," shall be denied the right to sue or defend or receive any affirmative relief in the courts of this State. Sayles' Civil Statutes, art. 5243i, as amended by the Acts of the Twenty-ninth Legislature, page 21, and the Acts of the Thirtieth Legislature, chap. 8a, sec. 8.

Appellant having failed to assert its supposed rights in the mode prescribed by law, striking out appellant's answer and rendering judgment by default, was not taking property without due process of law. Hammond Packing Co. v. Arkansas, 212 U. S., 322.

CONNER, CHIEF JUSTICE.—This is a suit by appellee instituted on January 28, 1908, to recover three hundred and eighty dollars with interest upon four accepted bills of exchange dated January 12, 1907, alleged to have been drawn by the Puritan Manufacturing Company for ninety-five dollars each on the appellant corporation, and to have been transferred to appellee in due course of trade before maturity. An answer was filed first suggesting that the suit be dismissed upon the ground that appellant was a domestic corporation, and that, as shown by affidavit and certificate of the Comptroller attached as exhibits to the answer, its right to do business in this State had been duly forfeited the preceding July. The answer, however, in event the suggestion was overruled, further presented a duly verified plea of non est factum, and a special plea setting up fraud and want of consideration for the acceptances, alleging that appellee was a purchaser, if at all, with full notice, etc. The court refused to adopt the suggestion, but on motion struck out the answer and rendered judgment for appellee upon the acceptances which had been read in evidence.

The fact that appellant's right to do business had been forfeited be-

cause of the continued failure to pay its franchise tax as provided by article 5243i of the Revised Statutes as amended by the general laws of 1905, page 21, and continued in laws of 1907, page 505, did not destroy a corporate existence not shown to have been otherwise terminated. The court therefore did not err in refusing to dismiss the suit, notwithstanding the appellant corporation may have assigned its assets and ceased to do business as alleged. See Moseby v. Burrow, 52 Texas, 396; Beach on Corporations, par. 50; Rippstein v. Haynes Medina Valley Ry. Co., 85 S. W., 314, and authorities therein cited.

The action of the court in striking out appellant's answer, however, raises a more difficult question. Revised Statutes, article 5243i as amended, provides that any corporation, domestic or foreign, which shall fail to pay the franchise tax imposed by that article at the time specified therein (May 1st of each year) shall immediately become liable to a penalty of twenty-five percent of the amount of tax due by it, "and if the amount of said tax and penalty be not paid in full on or before the first day of July thereafter, such corporation shall, for such default, forfeit its right to do business in the State, which forfeiture shall be consummated, without prejudicial ascertainment, by the Secretary of State entering upon the margin of the ledger kept in his office relating to such corporation the word 'Forfeited,' giving the date of such forfeiture; and any corporation whose right to do business may be thus forfeited shall be denied the right to sue or defend in any of the courts of this State, and in any suit against such corporation on a cause of action arising before such forfeiture, no affirmative relief may be granted to such corporation unless its right to do business is revived, as provided in article 5243j."

It is undisputed that appellant never "revived" its right to do business after the forfeiture of such right in July, 1907; but it is to be observed that the cause of action upon which appellee based this suit is one "arising before such forfeiture," and as to such causes of action we are of opinion that a proper construction of the law quoted does not preclude a trial upon appellant's said special defenses. We have not been cited to any authority in point, but the natural and common law right to defend is not to be denied, if indeed it can be, save upon the clearest necessity, and we see no reason for the Legislature to have distinguished between causes of action arising before and after forfeiture, unless it was intended that a denial of the right to defend should be limited to causes of action accruing after the forfeiture. The statute declares that "on a cause of action arising before such forfeiture, no affirmative relief may be granted." Adopting a familiar rule of construction, the declaration that no affirmative relief may be granted implies that the restriction shall not be extended beyond this, and that therefore other relief purely defensive, as here presented, may be granted in such cases. It follows that in our opinion appellant was entitled to be heard upon its pleas of *non est factum,* etc., and that the court erred, as assigned, in striking out such pleas. Judgment reversed and cause remanded.

*Reversed and remanded.*