## HARVEY v. PROVIDENT INV. CO.

(Court of Civil Appeals of Texas. Austin. March 26, 1913. Rehearing Denied May 7, 1913.)

1. TAXATION (§ 632*)—UNKNOWN OWNERS—CORPORATIONS.

Where certain lots were rendered for taxes in the name of an investment company owning an addition, for the years 1898 to 1901, inclusive, and there were many deeds on record from the investment company conveying lots in such addition, signed by the president and secretary of the company, both of whom were well-known men and known to the attorney for the state in the tax suit, and all the deeds conveying the tract, out of which the addition was made, were of record in the county, such lots could not be sold for the taxes of 1902–1904 as belonging to unknown owners.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1289, 1290; Dec. Dig. § 632.*]

2. TAXATION (§ 79*) — VENDOR AND PURCHASER.

A vendee of land is for the purpose of taxation considered the owner, though the vendor may still have his lien for the price.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 139, 166; Dec. Dig. § 79.*]

3. ABATEMENT AND REVIVAL (§ 82*)—WAIVER—PLEA OF CAPACITY.

In a suit by a corporation to recover property sold for taxes, a plea challenging the capacity of the corporation to sue, because its charter had been forfeited, must be filed before answer to the merits, and it is not sufficient that all the pleas of defendant were filed together, where the plea to the capacity followed the answer to the merits.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 82;* Pleading, Cent. Dig. §§ 208, 212.]

4. CORPORATIONS (§ 592*) — FORFEITURE OF CHARTER—RECORD BY SECRETARY OF STATE.

Under Sayles' Ann. Civ. St. 1897, art. 5243i, providing that a corporation forfeits its charter and its right to sue by a failure to pay its franchise tax, when the Secretary of State marks, "forfeited," giving the date of such forfeiture, on the margin of the ledger in his office relating to such corporation, an entry by the Secretary in his ledger: "Penalty Notice returned. Charter forfeited for 1895 tax. Char-

ter filed March 17, 1890"—is insufficient to forfeit the corporation's right to sue.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2373–2375, 2378, 2379, 2381, 2390, 2401; Dec. Dig. § 592.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Trespass to try title by J. H. Harvey against the Provident Investment Company, in which the company filed a plea in reconvention. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 150 S. W. 284.

O. L. Stribling and Cross, Gross & Street, all of Waco, for appellant. Atkinson & Atkinson, of Houston, and W. L. Eason, and W. B. Carrington, both of Waco, for appellee.

KEY, C. J. February 23, 1911, appellant filed an action of trespass to try title against appellee, seeking to recover certain lots in the city of Waco. Appellee filed an answer which contained a general demurrer, general denial, and plea in reconvention, in which it asked for judgment against appellant for the lots in controversy. Thereafter appellant, as plaintiff in the court below, dismissed his suit against appellee, and filed an answer to appellee's cross-action, which answer contained (1) a general demurrer; (2) a special exception; (3) a general denial; (4) an averment that appellee was not duly incorporated, as alleged in the plea in reconvention; and (5) an averment to the effect that appellee had forfeited its charter by failure to pay to the Secretary of State the annual franchise tax, due from said company for the years 1895 to 1908, inclusive, and that on account of the failure to pay such tax, the Secretary of State had caused appellee's charter to be forfeited, as provided by law. There was a nonjury trial on appellee's plea in reconvention, which resulted in a judgment against appellant, and awarding to appellee the lots in controversy, and appellant seeks to have that judgment reversed.

The trial court filed the following findings of fact:

"Finding of Fact.

"The defendant, Provident Investment Company, was chartered by the state of Texas on the 17th day of March, 1890, and very shortly thereafter purchased several tracts of land adjacent to the city of Waco, which it plotted into blocks, lots, streets, alleys, etc., as an addition to the city of Waco, known as Provident Heights, and began the sale of such lots and blocks. This corporation continued in active business until the year ——, at which time it attempted to close up its business by dividing the unsold lots remaining on hand at that time among its stockholders. It paid no franchise tax after the year 1894. Quite a good many

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

stockholders took the value of the stock in lots which were conveyed to them, leaving others unsatisfied and other lots undisposed of, including the lots in dispute in this suit. The lots in dispute were rendered for taxes in the name of the Provident Investment Company for the years 1898 to 1901, inclusive, and rendered as 'unknown' from 1902 to 1904, inclusive. These taxes being unpaid, the state of Texas instituted suits in the district court of McLennan county, in October, 1905, for the taxes due for said years, and for foreclosure of tax lien, alleging that the 'defendants' names are. to the attorney bringing this suit unknown, and after inquiry cannot be ascertained,' the suit being filed against the 'unknown owners' of the lands in question. Citation to such unknown owners as provided by the statute was regularly issued, and published as required by law in the Mart Herald, a newspaper published in McLennan county, in Mart, which is about 18 or 20 miles from Waco. Thereafter judgment was properly rendered for the state for said taxes, lien foreclosed, property sold thereunder, and plaintiff claims under such sale.

"The Provident Investment Company was a Waco institution, with its headquarters at that place, its president being Sam Sanger, one of the best-known citizens of the county, and its secretary being N. H. Atkinson, a well-known attorney of Waco up to some few years since, when he removed to Houston, his removal and whereabouts being well known in Waco, and also to the attorney representing the state in said tax suits. Many deeds on record from the Provident Investment Company before the tax suits were brought were signed by Sanger as president and Atkinson as secretary of the company, and all the deeds conveying the tract of land out of which the Provident Heights Addition was made were of record in. McLennan county, and said records fail to show that the title to the lots in question was ever conveyed by the Provident Investment Company to any one. Hence I find that the state, through its attorney prosecuting said tax suits, could have ascertained with reasonable diligence that the Provident Investment Company was the owner of these lots at the time suit was brought, and that its president was a citizen of Waco, and its secretary a citizen of Houston.

"I further find that the publication of the citation of notice to the unknown owners in the tax suits was published in the Mart Herald, rather than in one of the papers in the city of Waco, solely because of the financial arrangements that could be made with the publisher of such newspaper being more favorable than with the newspapers in Waco, and that said publication was not intended as a fraud upon the rights of the defendant, and in fact worked no fraud upon it, as alleged in the defendant's answer."

Opinion.

[1, 2] The first assignment charges that error was committed in rendering judgment for appellee for the property in controversy for the reason that appellee failed to show a paramount title ·to the property. That assignment might be answered with the counter proposition that in trespass to try title such action may be maintained on a title that is not paramount as against a third person, unless the defendant holds under a title from such third person; but in this case appellant asserts title through a sale that was made upon a judgment obtained by the state for taxes due upon the property. The proceeding which resulted in the judgment referred to was instituted by the state, and against the unknown owners of the property. The trial court seems to have held, and we think correctly, that appellee was, at the time the suit referred to was instituted, the owner of the property within the purview of the statute which authorized the institution of suits against unknown owners. That court also held, and correctly, that appellee was not, within the purview of that statute, an unknown owner. Scales v. Wren, 103 Tex. 304, 127 S. W. 164. But it is contended by appellant that appellee was not, within the purview of that statute, the owner of the property, because of the fact that in its chain of title liens had been retained to secure the payment of certain purchase-money notes. Because it has been held in this state that when a grantor in a deed purporting to convey land retains a vendor's lien, the legal and paramount title remains in the vendor, therefore appellant contends that within the purview of the tax laws authorizing a suit by the state against unknown owners, the vendor, and not the vendee, in such a deed is to be considered the owner. ' We do not regard that contention as sound. On the contrary, such a vendee has title to the property against every one except his vendor; as between him and the vendor it is his duty to pay all taxes which accrue against the property, and therefore, for the purpose of taxation, he should be considered the owner of the land.

[3, 4] The second and last assignment charges that error was committed in rendering judgment for appellee for the recovery of the property, because the undisputed evidence showed that appellee, a corporation, had failed to pay its franchise tax for the year 1908. There seems to be more than one reason why that assignment should not be sustained. In the first place, the rules of pleading require that a plea challenging the capacity of a plaintiff to sue should be presented in limine, and before an answer to the merits. In this case, while all of appellant's pleas were filed at the same time, the one challenging the right of the plaintiff to sue, instead of preceding, follows aft-

er the answer to the merits. In the second place, appellant alleged in his answer to the plea in 'reconvention that appellee's charter had been forfeited as a result of its failure to pay franchise taxes; but it did not allege that its right to sue in the courts of the state had been forfeited, unless the former allegation included the latter. But, apart from these reasons, we are of the opinion that the testimony failed to show that appellee's right to maintain its cross-action had been forfeited. In support of their contention appellant's counsel cite article 5243i, Sayles' Civil Statutes, the pertinent portion of which reads as follows: "Any corporation, either domestic or foreign, which shall fail to pay the tax provided for in this article at the time specified herein, shall, because of such failure, forfeit its right to do business in this state, which forfeiture shall be consummated, without judicial ascertainment, by the Secretary of State entering upon the margin of the ledger kept in his office relating to such corporations, the word 'Forfeited,' giving the date of such forfeiture, and any corporation whose right to do business may be thus forfeited shall be denied the right to sue or defend in any of the courts of this state, and in any suit against such corporation on a cause of action arising before such forfeiture, no affirmative relief may be granted to such defendant corporation, unless its right to do business is revived as provided in article 5243j of this chapter."

While the proof shows that appellee failed to pay its franchise tax from 1895 to 1908, inclusive, it further shows that the only notation on the ledger kept by the Secretary of State was as follows: "Penalty. Notice returned. Charter forfeited for 1895 tax. Charter filed March 17, 1890." The Secretary of State testified, and the entry referred to shows, that the date when the entry was made was not given, and there was no proof as to when it was made. If the statute had merely declared that the failure to pay the tax should, without any judicial procedure, result in the forfeiture of the right to sue or defend in the courts, then appellant's contention might be sustained; but the statute goes further, and declares that the forfeiture shall be consummated by the Secretary of State entering upon the margin of the ledger kept in his office relating to such corporations, the word, "Forfeited," *giving the date of such forfeiture*, and it then proceeds to declare that any corporation whose right to do business may be *thus* forfeited shall be denied the right to sue or defend in any of the courts of this state. We think it is the clear purport and meaning of this statute that a forfeiture of the right to do business does not result until the Secretary of State has done all that the statute thereon prescribes, including giv-

ing the date when he indorses the forfeiture; and it is not until the right to do business has been forfeited in the manner therein prescribed that the right to sue and defend in the courts is denied.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.