## LEONARD et al. v. KENDALL et al.
### (No. 1656.)

Court of Civil Appeals of Texas. Beaumont.
April 4, 1928.

Rehearing Denied April 25, 1928.

1. **Appeal and error** ⊜⇒218(2)—By failing to request submission of issues and to except to charge as not submitting issues, defendants abandoned issues.

Where defendants failed to request submission of issues pleaded, and failed to except to court's charge on ground that such issues were not submitted, they abandoned such issues in trial court.

2. **Vendor and purchaser** ⊜⇒299(4)—In suit by vendor against purchaser to recover title and possession, issue of title held not for jury under evidence.

In suit by vendors against purchasers failing to make payments in accordance with contract to recover title and possession of lot, court properly instructed verdict for plaintiffs on issue of title.

3. **Vendor and purchaser** ⊜⇒172—Purchasers, by express terms of land contract, held liable for interest on mortgage which they assumed.

Purchasers held liable by express terms of contract for sale of lots for interest on mortgage which they assumed.

4. **Vendor and purchaser** ⊜⇒198—Purchasers, in possession under land contract, held liable for taxes.

Purchasers taking possession of land under land contract held liable for taxes.

5. **Vendor and purchaser** ⊜⇒95(1)—Forbearance on part of vendors did not constitute waiver of right to rescind, where concessions made were in recognition of rights reserved under contract.

Forbearance on part of vendors did not constitute waiver of their right to rescind land contract, where concessions made by them to purchasers were in recognition of all rights reserved under contract.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Vendor and purchaser** ⊜╼105(1)—**Vendors having right to rescind, and having rescinded, title was completely reinvested in them.**

Vendors having right to rescind land contract, and having rescinded same, title was reinvested in them as completely as if contract of sale had never been executed.

Error from District Court, Harris County; Ewing Boyd, Judge.

Suit by W. E. Kendall and another against Will Leonard and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Stevens & Stevens, of Houston, and C. L. Dutton, of Richmond, for plaintiffs in error.

Stewart, De Lange & Milheiser, of Houston, for defendants in error.

WALKER, J. This suit was instituted by defendants in error, W. E. Kendall and T. H. Crawford, to recover of plaintiff in error, Sarah Leonard, the title and possession of lot No. 13, in block A, of the subdivision of J. S. Holman 10-acre lot 15 in the city of Houston. Her husband, Will Leonard, together with several other parties, was made defendant, but all of them went out of the case on the pleadings, except plaintiffs in error, Sarah Leonard and her husband, Will Leonard. On conclusion of the evidence, the trial court instructed a verdict for defendants in error on the issue of title, and submitted to the jury the issue of rent by asking the jury to find the reasonable rental value of the property for two years preceding the filing of the suit to the time of judgment. The jury answered this question by saying: "$10 per month." The case is before us on writ of error from that judgment.

[1, 2] The plaintiffs in error, by propositions and assignments, make complaint of the court's refusal to submit certain issues of damage raised by their pleadings. We do not state the nature of the pleading on these issues, since plaintiffs in error reserve no exception to the charge of the court on its failure to include such issues, and made no request that such issues be submitted to the jury. There is in the record a paper brought forward by plaintiffs in error as their exceptions to the court's charge, but there is nothing in the record to show that this paper was presented to the trial court before the main charge was read to the jury, or at any other time. It in no way bears indorsement by the trial court. Under Missouri, K. & T. Railway Co. v. Churchill (Tex. Com. App.) 213 S. W. 253, the objections urged here were not properly preserved in the trial court. By failing to request the submission of the issues pleaded and by failing to except to the court's charge on the ground that such issues were not submitted, it must be held that plaintiffs in error abandoned these issues in the trial court. Humble Oil & Refining Co. v. Kishi (Tex. Civ. App.) 299 S. W. 687. That leaves nothing for our consideration except the action of the court in instructing a verdict on the issue of title. Sarah Leonard bought this property from defendants in error, while she was the widow Johnson, under the following contract:

"The State of Texas, County of Harris.

"This agreement entered into this 21st day of July, A. D. 1917, between T. H. Crawford and W. E. Kendall, parties of the first part, and Sarah E. Johnson, party of the second part, Witnesseth:

"I. That the parties of the first part have agreed to sell to the party of the second part the hereinafter described property, to wit: Lots Nos. five (5), six (6), thirteen (13) and fifteen (15) in block No. A, in the subdivision of the northeast quarter of ten (10) acre lot No. fifteen (15) in the J. S. Holman survey on the south side of Buffalo bayou in the city of Houston, Harris county, Texas, according to map of said subdivision recorded in the Deed Records of Harris county, Texas, volume Fifty-six (56), page 536. The land and premises hereby conveyed being the same conveyed to said A. L. Gordon by H. S. Gordon by deed dated September 9, 1916, and recorded in volume 369, page 282, of the Deed Records of Harris county, Texas, to which said deed and the record thereof reference is hereby made for description—for the consideration of twenty-four hundred dollars ($2,400.00) upon the following terms, to wit:

"The sum of one hundred and fifty ($150.00) dollars, which has been paid in cash, and which amount of one hundred and fifty ($150.00) dollars the parties of the first part acknowledge they have received; the sum of one hundred and twenty-five dollars ($125.00) in four (4) months from this date, with six per cent. (6%) interest from date, and the sum of one hundred and twenty-five dollars ($125.00) in seven (7) months from this date, with six per cent. interest from this date. Should the said sum of one hundred and twenty-five dollars ($125.00) to be paid in four months and in seven months be promptly paid, then the parties of the first part agree to execute a general warranty deed to the party of the second part clear of all encumbrances, with the exception of a mortgage of two thousand dollars ($2,-000.00) to become due in two years from date, bearing interest at the rate of eight per cent. (8%) per annum, interest payable semiannually. Said party of the second part upon the execution of said deed is to assume the payment of said mortgage and all interest due thereon.

"II. It is further agreed that the party of the second part shall be permitted to use and occupy said premises pending the consummation of this contract.

"Witness our hands this 21st day of July, A. D., 1917.

　　　　　"T. H. Crawford,
　　　　　"W. E. Kendall,
　　　　　　　"Parties of the Frst Part.
　　　　　"Sarah E. Johnson,
　　　　　　　"Party of the Second Part.
"Witnesses: C. F. Stevens."

The $150 recited on the face of the contract was, in fact, paid. The other required payments were not made. By her pleadings she claimed to have made the following additional payments:

| $ | | |
|---|---|---|
| $ 5.00 | September 16, 1918, |
| 10.00 | February 11, 1919, |
| 5.00 | January 7, 1918, |
| 20.50 | January 15, 1919, |
| 10.00 | January 26, 1918, |
| 5.00 | October 6, 1917, |
| 100.00 | March 8, 1919, |
| 8.50 | August 12, 1918, |
| 10.00 | 1919. |

[3, 4] In addition to these payments, she paid about $50 on the taxes. She went into possession under the contract immediately on its execution, and continued in possession, and was in possession when this case was tried in the lower court. During a large part of that time she rented the property and collected the rent at the rate of $12 per month. Prior to January 1, 1919, defendants in error frequently threatened to oust her fom the possession of the property, declared the contract ended, and demanded possession. In January, 1919, they negotiated with a Dr. Ferrill to sell him the four lots, but that contract was never consummated, because they were unable to get possession. However, in the latter part of that year they sold and delivered to him possession of three of the lots, on a consideration of $2,200. After making that sale, they made an oral modification of the original contract, agreeing with plaintiffs in error that they might have credit on their original contract price for the $2,200, and that they might continue under the original contract and pay out lot 13, but nothing further was paid by them. Defendants in error then instituted distress proceedings to get possession of the property, but were unsuccessful. Many times they demanded possession, but possession was refused. On these facts we think the court correctly instructed

a verdict on the issue of title. Plaintiffs in error failed to comply with the conditions of the contract entitling them to a deed. They had no substantial equity in the property. The yearly taxes amounted to about $80. The interest on the outstanding mortgage amounted to $160 per year. The interest and taxes then for the first two years of the contract amounted to more than all the payments made by plaintiffs in error. Since they refused to make these payments, defendants in error were forced to bear this burden. Though they insist that they were not liable for the interest and taxes, this contention is not sound. By the express terms of the contract they were liable for the interest and by law liable for the taxes. Taber v. State, 38 Tex. Civ. App. 235, 85 S. W. 835; Harvey v. Provident Investment Co. (Tex. Civ. App.) 156 S. W. 1127.

[5, 6] Without paying either interest or taxes, plaintiffs in error have had possession, use, enjoyment, and revenues from this property for more than ten years, and have paid only in the neighborhood of $400. The evidence shows without controversy that they were never at any time able to pay for this property, and that the payments actually made were all they were reasonably able to make from the date of the execution of the contract to the time this suit was filed. While there was evidence of forbearance on the part of the vendors, such forbearance did not constitute a waiver of their right to rescind the contract, since the concessions made by them to plaintiffs in error were in recognition of all rights reserved under the contract. White v. Cole, 87 Tex. 500, 29 S. W. 759; Lanier v. Foust, 81 Tex. 186, 16 S. W. 994. Having the right to rescind, and in fact having rescinded, the title was completely reinvested in defendants in error as completely as if the contract of sale had never been executed by them.

The judgment of the trial court is in all things affirmed.