### HOME INS. CO. v. SHUGAR et al.
### No. 10871.

Court of Civil Appeals of Texas. Dallas.
Oct. 10, 1931.

Rehearing Denied Nov. 28, 1931.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for plaintiff in error.

R. T. Meador, J. D. Kugle, Walter R. Fly, and Ballowe & King, all of Dallas, for defendants in error.

JONES, C. J.

On October 14, 1927, the Home Insurance Company, plaintiff in error, instituted suit against defendants in error, J. Shugar, as principal on an indemnity bond, and R. T. Meador, John J. Roberts, Jr., and Roberts Grain Company, as sureties. A trial resulted in favor of defendants in error, and a writ of error is duly prosecuted for review of the cause in this court. For convenience, plaintiff in error will be styled insurance company, and the defendants in error as defendants. Defendants have not filed any brief. The essential facts are:

G. A. Tedford and wife were the owners of a Locomobile automobile, which they transferred on September 22, 1922, to one G. C. Wisdom, in consideration of Wisdom's transfer and assignment to them of a note in the sum of $2,400, purporting to be secured by a second lien on thirteen acres of land in Dallas county. Wisdom represented to the Tedfords that he owned the thirteen acres of land and that the note was secured by a second lien on the land. This representation was believed by the Tedfords, and they made the trade solely in the belief that Wisdom owned the land, and that the note was a bona fide second lien on same. Immediately after the possession of the car was delivered to Wisdom, he transferred and delivered same to defendant Shugar. It appears that there was no consideration for this latter transfer. After the transfer of the car to Shugar, he applied for and secured from the insurance company a policy of insurance protecting the car against fire and theft. This policy, among other things, provided that: "Except as to any lien, mortgage, or other encumbrance specifically set forth and described in paragraph D of this policy, this entire policy shall be void, unless otherwise provided by agreement in writing added thereto, if the interest of the assured in the subject of this insurance be or become other than unconditional and sole lawful ownership, or if the subject of this insurance has ever been stolen or unlawfully taken prior to the issuance of this policy and not returned to the lawful owner prior to the issuance of this policy. * * *"

The policy was issued October 4, 1922, and on October 24, 1922, the automobile in question was damaged by fire in the agreed sum of $1,925.50. The insurance policy was for a sum not to exceed $5,700; the car being a 1922 Locomobile model.

The Tedfords discovered, soon after the car had been delivered into the possession of Shugar, that Wisdom owned no interest whatever in the said thirteen acres of land, and that the note they had been induced to accept in payment for their car was no lien whatever on the land, and demanded a rescission of the trade and a return of the car, claiming Wisdom and Shugar had conspired together to secure possession of the car by means of false and fraudulent representations as to the security for the $2,400 note.

When demand was made by Shugar on the insurance company for the payment of the fire damage, the insurance company had been notified by the Tedfords of their claim on the car, and it agreed to pay such claim only in the event that Shugar would execute to it the indemnity bond, which is the foundation of this suit. This bond was executed on November 2, 1922, and the sum of $1,925.50 paid to Shugar on November 9, 1922; the entire amount of this payment being expended by Shugar in repairing the automobile. The bond recites that "a question had arisen as to the title of said J. Shugar in the said automobile and the said insurance company had been given notice of a possible litigation by persons claiming title to this automobile." It further recites that Shugar desired to have the automobile repaired, and represented to the insurance company that title to such automobile was in him, and further that the "said Home Insurance Company desires to be fully protected by reason of such payment."

That portion of the indemnity bond that is material to this issue reads: "Now therefore, in consideration of the payment of $1,925.50 to the said J. Shugar, the receipt of which is hereby acknowledged, the said J. Shugar, as principal, and R. T. Meador and John J. Roberts and ———, as sureties, agree that in the event it should be determined either by agreement or by judicial or other proceedings that the title to the said automobile above described was not in fact in the said J. Shugar at the time of its damage by fire, the principal and sureties herein will pay to the Home Insurance Company of New York the sum of $1,925.50, with interest from date of this instrument, at eight per cent. per annum. * * *"

The bond contains this further clause: "The principal and sureties herein further agree that, in the event that the obligations herein undertaken are not discharged by the principal and sureties and it becomes necessary to collect the same through suit or any other legal proceedings, or by attorneys, that they pay in addition to all other obligations herein contained an attorney's fee of twenty per cent. of the amount involved in such

314

suit or claim, together with all costs of collection thereof."

The Tedfords, seasonably filed a suit against Wisdom and Shugar for a rescission of the contract between themselves and Wisdom and for possession of the car. A writ of sequestration was caused to be issued by the Tedfords in such suit, but the car was replevied by Shugar. In this suit the Tedfords alleged a cause of action against Wisdom and Shugar on the ground of conspiracy and fraud in the matter of causing the transfer to Wisdom of their automobile. The allegations in their petition were such as to state a cause of action in their favor. The case was tried to a jury, submitted on special issues, and the jury found, in response to the special issues, (1) that Wisdom and Shugar, on or about September 22, 1922, conspired together with reference to acquiring the title to the Tedford's automobile; (2) that the purchase from the Tedfords by Wisdom of said automobile on September 22, 1922, resulted from such conspiracy; (3) that Wisdom represented to Tedford he had good title to the said thirteen acres of land in Dallas county, subject to a first lien of $6,500; (4) that such representation was false and untrue; (5) that Wisdom made such representation to the Tedfords in bad faith; (6) that the Tedfords relied solely upon Wisdom's representation in the sale of the said automobile to Wisdom.

There were other findings of the jury in reference to damages resulting to the Tedfords for being deprived of the use of their car. Judgment was entered on this verdict in favor of the Tedfords in the sum of $2,-872, of which $1,100 apparently represented the then value of the car, and $1,772 represented the damages sustained for being deprived of the use of the car. This judgment provided that, if the car should be delivered to the sheriff to be returned to the Tedfords, the defendants should be given credit for $1,100. The car was delivered to the sheriff and returned to the Tedfords and the credit given. The portion of the judgment awarding damages was appealed to this court under the style of Hall et al. v. Tedford et al., 279 S. W. 314, and this part of the judgment was reversed, but the part of the judgment in reference to the ownership of the car was not disturbed.

The trial court filed very full findings of fact, at the request of appellant, and the findings above stated are in accordance with the trial court's findings. No statement of facts accompanies the record, and no exceptions were made to the court's findings of fact. The only effect to be given this judgment against Shugar is that the Tedfords never lost their title to the automobile and that neither Wisdom nor Shugar ever acquired lawful title to the car.

The court's conclusions from these findings are, in effect, that, at the time the insurance policy was issued and at the time of the fire and at the time of the execution of the bond and payment to Shugar of the $1,925.50, Shugar was the unconditional and sole and lawful owner of the automobile, within the meaning of that term as used in the insurance policy, by reason of the transfer from the Tedfords to Wisdom and from Wisdom to Shugar. The appeal is based on the theory that the trial court's conclusions of law are not sustained by the findings of fact, but that such findings conclusively show that, at the time the policy was issued, the damage to it by fire, the execution of the bond, and the payment to Shugar of such damages, Shugar, though clothed with possession, actually had no interest in or title to the automobile; that, because of the fraud perpetrated on the Tedfords, by means of which possession and apparent ownership of the car were obtained by Shugar, the Tedfords never lost title and ownership to the automobile, and Shugar was never vested with such title and ownership, and that such condition matured the bond in its favor.

█ The contract of insurance, binding both on the insurance company and the insured, stipulated that such contract should be void, "if the interest of the assured in the subject matter of this insurance be or become other than unconditional and sole lawful ownership. * * *" Was the interest of Shugar in the automobile, at the time the policy was issued and at all times thereafter until the payment of the damages, that of "unconditional and sole lawful ownership"? It is true that, by virtue of the transfer by Wisdom to him and his consequent possession of the car, he was clothed with apparent ownership, but, because of the conspiracy entered into between Shugar and Wisdom, and the fraud practiced upon the Tedfords as a result of a preconceived conspiracy to obtain this apparent ownership, Shugar actually owned no insurable interest in the automobile. Shugar contracted with the insurance company that it would be repaid the amount paid to him, if "it should be determined, either by agreement or by some judicial or other proceedings, that the title to the said automobile above described was not in fact in the said J. Shugar at the time of its damage by fire." This clause did not refer to the apparent title, but to the lawful title "in fact." It was recognized that the apparent title to the car was in Shugar when this bond was executed, and hence the expression above quoted to the effect that, if the title was not in fact in him, he would repay the money to the insurance company.

We therefore hold that the trial court erred in the conclusions of law, and that the only judgment authorized by the findings of

the trial court is a judgment in favor of the insurance company on the bond, decreeing repayment to it of the $1,925.50, with interest. Hanover Fire Ins. Co. v. National Exchange Bank (Tex. Civ. App.) 34 S. W. 333; Leonard v. Kendall (Tex. Civ. App.) 5 S.W. (2d) 197, 199; Fireman's Fund Ins. Co. v. Wilson (Tex. Com. App.) 284 S. W. 920.

■ Appellant contends that judgment should also be rendered in its favor for 20 per cent. of the amount as attorney fees. We do not believe this can be done under the record in this cause. It is true that appellant's pleading is sufficient to award it such relief. The petition alleges that "as a result of the refusal of the principal and sureties to discharge their obligations set out in such bond it became necessary to employ an attorney to collect the same and to pay the fee of twenty per cent. of the amount involved, as provided in such bond as attorney's fees."

As stated, there is no statement of facts in this record. The findings of fact by the court are silent in reference to whether the insurance company contracted with the attorney to pay the 20 per cent. authorized in the indemnity bond. We cannot assume that such proof was offered, for the burden was on appellant both to plead and prove the necessary facts as a basis for the attorney's fees claimed. This bond is purely a contract for indemnity, and it was necessary to prove that the insurance company contracted with the attorneys to pay the fee allowed by the bond. We think this question is controlled by the doctrine announced in the following cases: Bolton v. G. C. Gifford & Co., 45 Tex. Civ. App. 140, 100 S. W. 210; O'Connell v. Rugely, 48 Tex. Civ. App. 456, 107 S. W. 151; and authorities cited in these cases.

It necessarily follows that the judgment of the trial court must be reversed and judgment here rendered in favor of the Home Insurance Company for the principal sum of $1,925.50, together with interest at the rate of 8 per cent. per annum from November 9, 1922, and it is so ordered.

Reversed and rendered.