## STEPHENS COUNTY v. J. N. McCAMMON, Inc.

### No. 673.

Court of Civil Appeals of Texas. Eastland. March 21, 1932.

Rehearing Denied Dec. 9, 1932.

T. B. Ridgell, W. J. Arrington, and L. D. Hawkins, all of Breckenridge, for appellant.

Goggans & Allison, of Dallas, for appellee.

LESLIE, J.

In this cause the appellee, J. N. McCammon, Inc., plaintiff below, sued appellant, Stephens county, defendant below, for damages growing out of the alleged breach of a contract, by the terms of which it is alleged the plaintiff was employed by the defendant as an architect to prepare plans and specifications for, and to superintend the proper construction of, a combination courthouse and jail in said county. On motion of plaintiff, the defendant's plea in abatement was stricken out and trial proceeded under a general denial and special answers, one of which presented in bar the same matters sought to be presented by the plea in abatement. The trial was before the court and jury, resulted in a judgment in favor of the plaintiff, and the defendant has appealed. The parties will be referred to as in the trial court.

The suit was filed December 14, 1928; the original answer, December 31, 1928; the first amended answer, February 11, 1929; the plea in abatement, March 22, 1929, at 3:10 o'clock p. m. The defendant's petition to withdraw its answers, filed December 31, 1928, and February 11, 1929, was filed March 27, 1929. In this petition to withdraw the defendant alleged that, since filing the answer of February 11, 1929, it discovered, March 8, 1929, that the plaintiff, McCammon, Inc., on July 2, 1927, forfeited its right to do business in the state of Texas, by failing to pay its franchise tax, as required by law, and thereby had no right to seek affirmative relief in the courts of the state. Article 7091, R. S. 1925. It is further alleged that the secretary of state, in accordance with law, and by reason of such default in payment of taxes, had consummated the forfeiture by entering upon the margin of the record kept in his office relating to such corporation the words, "Right to do business forfeited," and the date of such forfeiture, to wit, July 2, 1927.

Other relevant facts are: The Mid-West Company, Inc., was chartered May 17, 1924. September 22, 1924, it made with Stephens county the contract herein alleged to have been breached. By amendment, the name of the corporation was changed July 29, 1925, from the Mid-West Company, Inc., to J. N. McCammon, Inc., and thereafter, as noted, on July 29, 1927, its right to do business in Texas was forfeited. These matters the defendant sought to present to the trial court (1) by ordinary plea in abatement, and (2) as a special defense, or plea in bar. At the time the alleged contract was entered into, and at the time of the alleged breach thereof, plaintiff corporation was in good standing, with the right to transact business contemplated by its charter. Further, there is no dispute about the plaintiff's having failed to pay its franchise tax, and thereby forfeited its right to do business in the state, long prior to December 14, 1928, the date it instituted this suit, seeking affirmative relief in the courts of the state.

The plea in abatement rests upon the provision of article 7091, R. S. 1925, which is as follows: "Any corporation, either domestic or foreign, which shall fail to pay any franchise tax provided for in this chapter when the same shall become due and payable under the provisions of this chapter, shall thereupon become liable to a penalty of 25 per cent. of the amount of such franchise tax due by such corporation. If the amount of such tax and penalty be not paid in full on or before the first day of July thereafter, such corporation shall for such default forfeit its right to do business in this State; which forfeiture shall be consummated without judicial ascertainment by the Secretary of State entering upon the margin of the record kept in his office relating to such corporation, the words, 'right to do business forfeited,' and the date of such forfeiture. *Any corporation whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter of such corporation. In any suit against such corporation on a cause of action arising before such forfeiture, no affirmative relief shall be granted to such corporation, unless its right to do business in this State shall be revived as provided in this chapter.*" (Italics ours.)

Thus we have before us the situation of a private domestic corporation, defaulting in the payment of its franchise tax, but still in existence as a legal entity, without the right to sue or seek affirmative relief in our courts, as appears from the above statute and the following authorities: Texas Packing Co. v. St. Louis S. W. R. Co. (Tex. Com. App.) 227 S. W. 1095; Canadian Country Club et al. v. Johnson (Tex. Civ. App.) 176 S. W. 835–843; Maloney Mercantile Co. v. Johnson County Savings Bank, 56 Tex. Civ. App. 397, 121 S. W. 889; Harvey v. Provident Investment Co. (Tex. Civ. App.) 156 S. W. 1127; Bunn v. City of Laredo (Tex. Civ. App.) 213 S. W. 320.

■ Further, it will be observed that the case before us does not present one involving the rights or powers of the directors and managers of a legally dissolved corporation to settle the affairs thereof. Article 1388, R. S. 1925. The failure to pay the franchise tax has repeatedly been held not an act of dissolution. Fox v. Robbins (Tex. Civ. App.) 62 S. W. 815; Id. (Tex. Civ. App.) 70 S. W. 597; Rippstein v. Haynes Medina Valley R. Co. (Tex. Civ. App.) 85 S. W. 314; Maloney Mercantile Co. v. Johnson County Savings Bank, supra.

This observation is made in view of the fact that there seems to be a contention presented here that the plaintiff's default in payment of taxes forfeited its charter.

The foregoing predicament of the plaintiff corporation was not actually discovered by

the defendant or its attorney until March 8, 1929. To this the litigants agree, and they further agree that the defendant had no notice whatever of the legal status of the plaintiff, unless said entries in the office of the secretary of state charged it with the constructive notice of the existence of such fact. The plaintiff, in instituting this suit, presented the usual allegations of incorporation and right to do business in Texas.

The defendant, in making the actual discovery of the plaintiff's forfeiture of its right to do business, filed thereafter, on March 22, 1929, at 3 p. m., its plea in abatement, which, of course, was subsequent to the amended answer of February 11, 1929. The case was called for trial March 27, 1929, and, following a conditional announcement of ready for trial by the plaintiff, the defendant informed the court that it had a plea in abatement on file among the papers of the cause and requested a hearing on that matter. Upon being thus apprised, the attorneys for the plaintiff asked and obtained permission to file a motion to strike out said plea. By agreement, the contents of such motion (same to be reduced to writing and filed of that date) being placed before the court, both sides announced ready on the motion to strike out defendant's plea in abatement. At this point a question arose which prompted a request by the attorneys for time to return to their respective offices for the purpose of investigating the authorities pertaining to such motion to strike. The request was granted, and, at the time appointed by the court to resume consideration of the matters in controversy, the court returned to the bench and sustained the motion to strike out the plea in abatement. As stated in the court's bill of exceptions, "shortly" after this order of the court, the attorney for the county (who was tardy at the time of the ruling) came into court, and for the first time suggested that he desired to file a motion requesting permission to withdraw the answers previously filed for the purpose of allowing and permitting the plea in abatement to take its place in due order of pleadings, and be considered by the court. At this juncture the attorneys for the plaintiff objected, for the following reasons: "That the plea in abatement had been filed without any permission of the court, and while those answers are yet on file, and that the court had already entered an order striking out defendant's plea in abatement. It was further suggested to the court by the plaintiff that such motion to withdraw said answers should in fact have been filed before the plea in abatement was filed, and in all events prior to the time the defendant announced ready upon said plea, and upon the motion asking that said plea be stricken."

The above excerpt is taken from the bill of exceptions prepared by the court, and constitutes the reason prompting the court to refuse the defendant the privilege of withdrawing its answer and presenting its plea in abatement grounded upon the above statute. As we interpret the record, we do not believe the above considerations afford any substantial or sufficient reasons for denying the defendant the right to withdraw its answers and present its plea for consideration. The objections urged by the plaintiff and adopted by the court as grounds for denying the defendant's request are of a technical nature, and, although the attorney for the defendant exhibited confusion in the manner in which he sought to bring before the court the plaintiff's incapacity to seek affirmative relief therein, nevertheless we are of opinion that the ends of justice would have been better subserved by permitting defendant the privilege of withdrawing its answers and presenting its dilatory plea in due order of pleading. The delay involved in granting the request would have been inconsequential when compared with the substantial rights of the defendant, and in view of the situation that the plaintiff was seeking affirmative relief in a court to which it had no access under the plain provisions of the statute in existence at the time it procured its charter rights.

The facts involved and presented by way of plea in abatement have been regarded as constituting a defense to be pleaded in abatement, as indicated by the foregoing authorities, and especially Texas Packing Company v. St. Louis S. W. R. Co. The disposition we make of the case renders it unnecessary for us to determine whether such a state of facts might not be effectually urged as a plea in bar, a proposition that seems not to have been directly considered by any case cited or falling under our observation.

The above is the controlling proposition, which we sustain, and it renders unnecessary further consideration of other assignments in the record. The questions will evidently not arise upon another trial.

For the reasons assigned, the judgment of the trial court will be reversed, and the cause remanded.

### On Rehearing.

The original opinion by this court reversed the judgment of the trial court on the ground that it refused to permit the filing of a plea in abatement, based upon the fact that the plaintiff corporation had not paid its franchise tax to the state of Texas. On motion for rehearing, we were asked to reverse this holding in view of the fact that the tax had been paid subsequent to the trial and appeal of the case. The fact of such payment was evidenced by a certificate to that effect incorporated in said motion for rehearing, and in that way called to our attention for the first time. Considering this, and other points, we certified certain questions to the Supreme Court, one of which involved our right to give any effect whatever to the fact

evidenced by said certificate of the secretary of state. The questions propounded and the answers thereto will be found in Stephens County v. J. N. McCammon, Inc. (Tex. Sup.) 52 S.W.(2d) 53.

Upon the authority of that opinion, and after due consideration of the other questions presented by the motion for rehearing and the supplemental motion for rehearing, said motions are in all respects overruled.