BUTTRAM v. GRAY COUNTY, TEX., et al.

No. 6660.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1932.

his wife, Lizzie Bowers, "subject to the exceptions and reservations hereinafter contained," granted, bargained, sold, conveyed, set over, assigned, and delivered unto appellant "an undivided one-eighth (⅛) interest in and to all the oil, gas, and other minerals in, under and that may be produced from" described lands in said Gray county, containing 3,320 acres, "together with the right of ingress and egress at all times, to, from and upon said lands for the purpose of mining, drilling, exploring and developing said lands for oil, gas and other minerals and removing the same therefrom." That instrument contained the following provisions:

"Said lands being now under oil and gas lease, or leases, as the same may have been originally executed by the grantors herein, and as the same may be shown of record in the Deed Records of Gray County, Texas.

"It is understood and agreed that this sale is made subject to any and all of such leases as the same may be shown of record, but covers and includes the equal undivided one-eighth of all of the oil and gas royalty, gas rental, or royalty of any kind due and to become due under the terms of said leases.

"It is agreed and understood that the equal one-eighth part of the money rentals which may be paid to extend the term within which a well may be begun under the terms of any of said leases is to be paid to the said Frank Buttram, and in the event that the above described leases, or any one or more of them for any reason becomes cancelled or forfeited, then and in that event the said Frank Buttram shall own the same undivided one-eighth interest in any down or bonus money that may be paid for a new oil and gas lease on said lands described in such canceled or forfeited lease, and same undivided one-eighth interest in all future rentals that may be paid on any of said lands for oil, gas and mineral privileges.

"This sale is made for and in consideration of the sum of Ten Dollars ($10.00) cash in hand paid, the receipt of which is hereby acknowledged, and of the other considerations, payments and reservations as hereinafter set out. In addition to the cash consideration above stipulated, and paid to the grantors herein, the said grantors here now expressly except and reserve to themselves from such conveyance all of the oil, gas and casinghead gas produced, saved and marketed from the interest in the foregoing lands above described, until the grantors herein shall have been paid and shall have received from such source the sum of Three Hundred Fifty Thousand

Wales H. Madden, of Amarillo, Tex., for appellant.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This is an appeal from a decree dismissing a bill in equity filed by the appellant against appellees, Gray county, Tex., and officials of that county, which sought an injunction restraining and enjoining the enforcement of the collection of taxes for the years 1929 and 1930 assessed by that county against the appellant as the owner of the mineral interest described in an instrument dated February 7, 1928, whereby J. B. Bowers and

($350,000.00) Dollars, and all of such oil, gas and minerals in, under and that may be produced from the interest in the lands above particularly described shall belong to and be the absolute property of the grantors herein until they shall have received such total sum of $350,000.00 from such oil, gas and casing-head gas and other minerals when, as and if the same are so produced, saved and marketed.

"It is understood that the grantors herein shall likewise receive any rentals that may be paid under the terms of any existing leases or any future leases that may be made on and covering any part of said lands that would otherwise be the property of the grantee herein, and shall likewise receive any and all down or bonus monies that may be paid for any future leases that may be granted on and covering said lands, or any part thereof to which the grantee herein would otherwise be entitled, and that any such money shall be applied as a credit to the total sum of $350,000.00 herein provided to be paid to the grantors herein and that when such total sum of $350,000.00 shall so be paid to the grantors herein from either of the above sources, then this conveyance shall become absolute and any and all other interests in said lands herein conveyed shall become absolutely the property of the grantee herein, free and clear of any liens, incumbrances or reservations, by reason of the exceptions and reservations herein contained.

"To have and to hold the above described property, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Frank Buttram, his heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the property and property rights herein conveyed unto the said Frank Buttram, his heirs and assigns forever, against every person whomsoever lawfully claiming or to claim the same or any part thereof, but subject to the provisions and reservations of this contract, as herein set out."

It was stipulated by the parties that of the $350,000 to be paid under an above set out provision approximately $153,000 had been paid. The terms of the above-mentioned instrument do not indicate that the transaction it evidenced was connected with a sale by the grantors in that instrument of any other interest in the land described; but evidence disclosed that by a written contract dated February 6, 1928, those grantors contracted to sell and convey to appellant and others an undivided one-half interest in all the oil, gas, minerals, and mineral rights in the same lands, it being provided that one-half of such interest, being an undivided one-fourth interest in such oil, etc., was to be sold and conveyed for the consideration of $250,000 in cash, and $25,000 in cash payable on or before February 1, 1929; and evidence also showed that by a deed of the same date as that of the first above-mentioned instrument the grantors therein conveyed to the appellant an undivided one-eighth interest in all oil, gas, and other minerals in the above-described lands, that deed containing an acknowledgment by the grantors of their receipt of the consideration for the interest thereby conveyed. It appeared that one-half of the mineral interest disposed of by those grantors was paid for, mostly in cash. It also appeared that under the terms of the sale evidenced by the first above-mentioned instrument, in the event of the mineral interest which was the subject of that sale producing or yielding the amount stipulated to be paid to the vendors from that source, they would get for that interest substantially more than the price for which they sold to the appellant another like mineral interest in the same lands. It was stipulated by the parties that for the fiscal tax years of 1929 and 1930 Gray county levied and assessed taxes against all the mineral interests mentioned in said contract, and that no controversy exists with respect to the taxes against such mineral interests except as to the interest described in the first above-mentioned instrument. The instrument hereinafter referred to is the one first above mentioned.

For the appellant it was contended that the interest in the described land acquired by him under the instrument referred to was not such a one as was subject to be taxed.

█ Under the Constitution and statutes of Texas all property, real, personal, or mixed, except such as is expressly exempted, is subject to taxation. Constitution of Texas, Art. 8, § 11; Revised Civil Statutes of Texas (1925) art. 7145. "Real property for the purpose of taxation, shall be construed to include the land itself, * * *, and all the rights and privileges belonging or in any wise appertaining thereto, and all mines, minerals, quarries and fossils in and under the same." Revised Civil Statutes of Texas (1925) art. 7146. A conveyance of an undivided interest in and to all the oil, gas, and other minerals in, under, or that may be produced from described land, conveys an interest in realty which is subject to taxation in the hands of the grantee separate from the

interest in such land retained by the grantor. Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989.

It is plain that the above referred to instrument conveyed to the grantee, the appellant, a taxable interest in the described land, unless it was deprived of that effect by the exceptions and reservations therein contained. What the grantors excepted and reserved to themselves "until the grantors herein shall have been paid and shall have received from such source the sum of three hundred and fifty thousand ($350,000.00) Dollars," was "all of the oil, gas and casinghead gas produced, saved and marketed" from the described interest, any rentals that may be paid under the terms of any existing or future leases covering any part of the described lands, and any and all down or bonus moneys that may be paid for any future leases that may be granted on and covering said lands, or any part thereof. Those exceptions and reservations fell short of covering the entire interest which was conveyed to the appellant by the instrument. Substantial proprietory rights covered by the conveyance to the appellant were not within the exceptions and reservations. His right of ingress and egress at all times to, from, and upon the described lands for the purpose of mining, drilling, exploring, and developing said lands for oil, gas, and other minerals and removing the same therefrom, was not affected; any limitation or restriction to which the exercise of that right was subject at and after the date of the execution of the conveyance being the result, not of any exception or reservation made in favor of the grantors, but of previously granted oil and gas leases covering described lands.

The right of the grantee to make new leases in the event of the termination, by cancellation, forfeiture, or otherwise, of those in force at the time the conveyance was executed, was not suspended while the whole or any part of the agreed price remained unpaid. But the existence of such rights in the grantee not covered by exceptions and reservations in favor of the grantors was not necessary to make the interest acquired by the grantee a taxable one. Texas decisions are to the effect that upon a sale and conveyance of land or an interest therein the subject of the sale becomes the property of the vendee for purposes of taxation, though the sale be on credit and title is retained in the vendor until the agreed price is paid. Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S. W. 296, 29 A. L. R. 607; Harvey v. Provident Inv. Co. (Tex. Civ. App.) 156 S. W. 1127; Taber v. State, 38 Tex. Civ. App. 235, 85 S. W. 835.

It is not an uncommon incident of a sale by the terms of which the agreed price, in whole or in part, is not presently payable, for the seller, during a considerable period after the sale is consummated, to be entitled to be paid on the price as much as, or more than, the thing sold yields or produces during that period. As between the buyer and others than the seller, the buyer is not kept from being the owner of the thing sold by the seller's retention of the right to receive what that thing yields or produces until there shall be realized from that source what is owing on the agreed price.

Contentions in behalf of the appellant that the instrument in question conferred on him a mere option to acquire the described interest, or that under that instrument the acquisition by him of a taxable interest in the described land was dependent on the performance or happening of a condition precedent, the payment in full of the agreed price, are not sustainable. That instrument had the effect of making the stated undivided one-eighth interest the property of the appellant for purposes of taxation, though the grantors retained the right to get what that interest might produce or yield until it amounted to $350,000. The right retained by the vendors was a means provided for bringing about the payment of the stipulated price of the interest sold and conveyed; the vendee, the appellant, not being personally obligated to pay that price. The appellant had title against every one except his vendors, and his interest was a taxable one. Harvey v. Provident Inv. Co., supra. The court did not err in denying the injunctive relief prayed for.

The decree is affirmed.