COCHRAN v. TAYLOR.   (No. 8053.)

(Court of Civil Appeals of Texas. Dallas. Jan. 18, 1919. Rehearing Denied Feb. 22, 1919.)

1. CONTRACTS ⊛☞323(1)—QUESTIONS FOR JURY.

In an action for a balance due under a contract whereby plaintiff agreed to cut and bale hay grown on defendant's farm, held that defendant's peremptory instruction was properly refused.

2. APPEAL AND ERROR ⊛☞715(1)—REVIEW—RECORD.

The appellate court can only consider evidence incorporated into the statement of facts, in determining the facts of the case, and cannot consider an account book which by agreement of the parties was sent to the court for its consideration.

3. TRIAL ⊛☞169—PEREMPTORY INSTRUCTIONS—GIVING OF.

Where, under the evidence, plaintiff was entitled to some recovery, a general peremptory instruction denying any recovery was properly refused, even though plaintiff was not entitled to recover as to all of the amounts claimed.

4. APPEAL AND ERROR ⊛☞209(1)—REVIEW—QUESTIONS PRESENTED.

Where plaintiff sought to recover a balance due for cutting and baling hay under a contract whereby defendant was to pay $3 per ton for the first cutting and more for the second, held that where no special charge that, independent of plaintiff's right to recover for the balance due on the first cutting, he could not recover the amount claimed on the second cutting was requested, and there was no assignment of error presenting that matter, the question of the sufficiency of the evidence to authorize a recovery for the second cutting was not presented.

5. CONTRACTS ⊛☞28(3)—EVIDENCE AS TO MAKING OF CONTRACT.

In an action for the balance due on a contract for the cutting and baling of hay, evidence held insufficient to show that the second cutting of hay was cut and baled under a contract with one other than defendant.

6. TRIAL ⊛☞296(9) — INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for a balance due for the cutting of hay, a charge stating that plaintiff sued defendant for the sum of $181.65, the balance due upon a sworn account for cutting and baling hay, held, in view of the rest of the charge, not erroneous as on the weight of the evidence.

7. WORK AND LABOR ⊛☞24(1)—ACTIONS—REASONABLE VALUE.

Where plaintiff, who sued to recover a balance due on a contract for the cutting of hay, set up claims for loading the hay, etc., but no contract was shown as to the amount to be paid for such service, recovery cannot be allowed without proof of the reasonable value of the service.

8. CONTRACTS ⊛☞322(2)—ACTIONS—EVIDENCE.

In an action for a balance due under contract for the cutting and baling of hay which

⊛☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

provided a stipulated price per ton, evidence that plaintiff arrived at the weight of the hay by weighing several bales different times a day, and averaging the weight, is admissible to show the weight.

9. APPEAL AND ERROR ⚖➾882(8) — RIGHT TO ALLEGE ERROR.

Where the testimony objected to was first given on direct examination of a witness by one of defendant's attorneys, defendant cannot complain.

10. APPEAL AND ERROR ⚖➾1050(1)—REVIEW—HARMLESS ERROR.

The admission of evidence is harmless where other evidence of the same character was received without objection.

Appeal from Hill County Court; R. T. Burns, Judge.

Action by W. A. Taylor against B. B. Cochran begun in justice court and appealed by defendant to the county court. From a judgment there for plaintiff, defendant appeals. Affirmed on condition that plaintiff enter remittitur; otherwise reversed and remanded.

Dupree & Crenshaw, of Hillsboro, for appellant.

J. E. Clarke, of Hillsboro, for appellee.

TALBOT, J. The appellee sued the appellant in the justice court of Hill county to recover the sum of $181.65 alleged to be due as the balance on a contract whereby appellant agreed to pay appellee, for cutting and baling hay grown upon appellant's farm, the sum of $3 per ton for the first cutting, and $3.25 per ton for the second cutting. The appellee also sued to recover specified amounts, aggregating $51, for services performed in storing, hauling, and shipping said hay at the special instance and request of appellant. Appellee filed at the institution of the suit an itemized account purporting to show that appellee had cut and baled of the first cutting 3,789 bales, and of the second cutting 1,745, of an average weight of 62 pounds per bale. The account so filed showed items for services performed in storing, hauling, and shipping hay of $5, $36, and $10, the total amount due under the contract being $602.70. The account also showed items of credit, aggregating $421.05, leaving a balance of $181.65, the amount appellee sought to recover. The appellee, in giving the nature of his demand in the citation issued by the justice of the peace, after stating the amount to be $181.65 due upon an account for cutting and baling, storing in barn, and shipping same, charged that he entered into a contract with the appellant for baling and cutting hay whereby appellant agreed to pay appellee $3 per ton for the first cutting, and $3.25 per ton for the second cutting; that each and all of the items set out in said account are true and correct, and that appellee performed the labor and services therein stated at the special instance and request of the appellant, and upon the date and for the amounts therein set forth; and, further, that all of the charges for services rendered as set out in said citation are reasonable compensation for such services. The appellant answered by a general demurrer and general denial. A trial in the justice court resulted in a judgment in favor of appellee for $181.65, and appellant appealed to the county court. The pleadings in the county court were the same as in the justice court, and a jury trial in the county court, as in the justice court, resulted in a verdict and judgment in favor of appellee for the sum of $181.65. Appellant's motion for a few trial having been overruled in the county court, he prosecuted this appeal.

[1] The first assignment of error complains of the court's refusal to give, at the conclusion of the evidence, a special charge requested by appellant directing the jury to return a verdict in his favor. The proposition urged is that the amount sued for being based upon the number of tons of hay baled for appellant by appellee under the alleged contract, and upon the reasonable value of the services alleged by him to have been performed, the burden was upon appellee to establish by a preponderance of the evidence the number of tons of hay baled, and that the services alleged to have been performed by appellee were reasonably worth the sums claimed by him therefor, and, the evidence failing to show the number of tons baled or the reasonable value of the services rendered, the court should have given the requested peremptory charge.

We think the requested charge was correctly refused. No witness testified to the number of tons of hay cut and baled, but the evidence does show the number of bales cut and baled, and from this the number of tons may be arrived at by a mere mathematical calculation. The evidence is also sufficient to show that the average weight of the bales of hay designated as the first cutting was 62 pounds per bale, and that appellant, by the terms of the contract entered into between him and appellee, agreed to pay for the cutting and baling of the first cutting $3 per ton. It is also sufficient to show that appellant contracted to pay appellee the $5 item of the account filed, and charged for "hauling hay into the barn." The testimony of appellee is to the effect that in his first cutting he cut and baled 3,789 bales of hay under the contract alleged, and that the average weight of these bales was 62 pounds per bale. By the statement of facts he is made to say that the average weight of said bales was "62 tons and a fraction," but evidently this is a clerical error of the official

stenographer or person who prepared the statement of facts. It may be said that it is a matter of common knowledge that no ordinary bale of hay, such as the witness referred to, would weigh 62 tons, and that what he really stated was that the average weight of the bales was 62 pounds. Besides, at another place in his testimony he referred to the weight of the bales of hay as being 62 pounds per bale. As to the $5 item charged for hauling hay into the barn, he testified, in effect, that this service was performed at the request of appellant; that by the terms of their contract he was to fill the old barn and granary and the old house on the place; that appellant was to pay half the expenses of putting the hay into these houses; that the labor cost $10, and that he charged appellant $5. Appellee sued to recover a balance alleged to be due him for cutting and baling the hay of the first cutting, which, together with the item of $5 charged for hauling hay into the barn, he says amounts to $67.37. His suit to recover the balance is not based alone upon allegations of the performance of the services rendered and the reasonable value thereof, but in the citation issued in the justice court, which is admitted to be a part at least of his pleadings in the county court, he alleged, in effect, among other things, that he performed the labor and services stated in the account filed at the request of appellant upon the agreed compensation of $3 per ton for the first cutting of hay. The additional allegations, "that all of the charges for services rendered as set out in said account are reasonable compensation for such service," do not destroy the preceding allegations, which, in effect, declare that said service was rendered upon the express promise of appellant to pay $3 per ton for the first cutting. The pleadings and evidence were sufficient to warrant a recovery for the balance due appellee for the first cutting and baling of hay, and the court would have erred to the prejudice of appellant had the peremptory instruction requested by appellant been given. We have discovered no direct testimony of the weight of the bales of hay constituting the second cutting, but appellee testified, in substance, that after he had cut and baled the hay, and while in Hillsboro on one occasion, he "ran up the account" with appellant; that he figured the amount appellant had paid and the balance he owed, and stated to appellant the number of bales, the number of pounds, the balance due for the second cutting, and that appellant did not refuse to pay him on the ground that he did not owe it, but that, on the contrary, appellant paid him some more on the account. There is also testimony to the effect that appellant, before casting up the account as just stated, had agreed or contracted to sell to Gaines B. Turner the farm upon which the hay cut and baled by appellee was grown, together with the hay; that later Turner refused to take the farm and hay, and a controversy arose between him and appellant in regard thereto; that during the existence of this controversy appellant said to appellee that if he (appellant) took the place back he would pay appellee for the cutting and baling of the hay.

[2] There is testimony to the effect that entries made in a book kept by appellee show the average weight of all the bales of hay, and by agreement of the parties this book was sent to this court for its consideration of said entries as evidence of said weight; but this cannot be done. This court can consider only the evidence incorporated into the statement of facts in determining the facts of the case. Lingo Lumber Co. v. Garvin, 181 S. W. 561.

[3, 4] But whether the testimony was or was not sufficient to show the weight of the bales of hay of the second cutting, which was necessary in order to determine the number of tons of hay cut and baled by appellee of said cutting, still as appellee showed himself entitled to recover the balance due for the first cutting, and the requested charge refused directed absolutely a verdict for appellant regardless of this right of recovery, the special charge should not have been given. There does not appear to have been requested any special charge to the effect that, independently of any right the appellee had to recover the balance claimed to be due for the first cutting, he, for lack of sufficient evidence to authorize it, was not entitled to recover the amount alleged to be due for the second cutting, nor is there any assignment of error specifically asserting that the evidence was insufficient to authorize a verdict and judgment in favor of appellee for the amount alleged to be due for the second cutting and baling of the hay. This being true, the question of the insufficiency of the evidence to authorize a recovery for the cutting and baling of the hay of the second cutting is not raised, and we would not be warranted in reversing and remanding the case for a new trial on the ground that the evidence does not support the judgment rendered for the amount claimed for said second cutting. As indicated, such a reversal is not authorized under the assignment of error complaining of the refusal of the court to give the special charge requested directing unqualifiedly a verdict for appellant. The only question raised by that assignment is whether or not the evidence was sufficient to justify a verdict and judgment in favor of appellee for any amount, and, as it was sufficient to authorize a recovery for the amount alleged to be due for the first cutting and baling of hay, the question must be answered favorable to appellee, which effectually and fully disposes of the assignment.

[5] The second assignment of error is as follows:

"The court erred in failing to give to the jury special charge No. 2 which instructed the jury that plaintiff could not recover for the hay baled in what is known as the second cutting, because the proof showed that said hay was baled under a contract with Gaines B. Turner, and not with B. B. Cochran."

The proposition is, in substance, that appellee having pleaded and relied solely upon an alleged contract with appellant, whereby appellant was to pay appellee the sum of $3.25 per ton for baling the hay of the second cutting, and the proof showing without contradiction that before said contract was executed appellee abandoned said contract, to which abandonment appellant assented, and that whatever hay was baled by appellee on the second cutting was baled by appellee under a contract with Gaines B. Turner and not under a contract with appellant, the court should have instructed the jury that appellee could not recover on account of any services rendered in baling the hay of the second cutting. In this construction of the testimony we do not concur. There is testimony to the effect that, after contracting with appellee to pay him $3.25 per ton for cutting and baling the hay of the second cutting, appellant contracted to sell his farm and the hay to Gaines B. Turner; that he informed appellee of that fact, and said to him that he would get him the "job" of cutting and baling that hay; that he had told Turner that he (appellee) "would put up the hay for him"; that in a few days afterwards appellee got a letter from Mr. Turner, and that appellee replied that he would bale the hay for $3.25, and that Turner wrote saying, "Go ahead and put up that hay," but upon a fair analysis and construction of all the testimony bearing upon the matter it is clear to us that neither appellee nor appellant understood that the original contract entered into between them for the baling of the hay was to be abrogated or abandoned, and that if the hay was baled by appellee he was to look to Mr. Turner for compensation therefor. On the contrary, it seems manifest to us from all the testimony that appellant believing that the title of the property would be changed from him to Turner, and that in the event it would be to his pecuniary advantage or benefit to have Turner pay for the cutting and bailing of the second cutting of hay, and appellee being willing that appellant should secure such benefit in his trade with Turner, but in no sense understanding that in the event the sale by appellant to Turner was not consummated his contract with appellant was to be of no effect, he (appellee) consented that Turner should pay for the cutting and baling of the hay. Appellee testified that appellant told him that, if the pending trade with Mr. Turner "fell through," he (appellant) would pay for the cutting and baling of the hay, and that as soon as he ascertained that Turner had not traded with appellant he called on appellant to make good his contract and pay him for cutting and baling the hay. It is undisputed that the contemplated sale to Mr. Turner failed of consummation, and that appellant, as the owner of the farm and hay, remained in possession of the hay after it was cut and baled by appellee, and sold it. It is plain to us from the whole testimony that appellee took the matter of cutting and baling the hay up with Turner solely because of the contemplated sale of the property to him, and that it was in the minds of both appellant and appellee that only in the event such sale was made, and the property passed from appellant to Turner, was the latter to become paymaster. The assignment is therefore overruled.

[6] In stating the nature of the appellee's demand in his charge to the jury the court used the following language:

"In this case plaintiff sues the defendant for the sum of $181.65 balance due upon a sworn account for cutting and baling hay."

This language of the court is assigned as error, the contention being that it is upon the weight of the evidence. We believe there is no merit in the contention. The language appearing in the preliminary statement of the nature of appellee's suit, and the court having required the jury in another paragraph of the charge to find from the evidence the existence of the facts essential to appellee's right of recovery, it is not at all probable that appellant was prejudiced by the language of which complaint is made.

[7] The fourth assignment of error complains of that portion of the court's charge wherein the facts are grouped and the jury told that if they should find the existence of said facts to return a verdict in favor of appellee for the cutting and baling of the hay of the second cutting at $3.25 per ton. The propositions contended for under this assignment are: (1) That appellee having pleaded and relied solely upon an alleged contract with appellant, whereby appellant was to pay him the sum of $3.25 per ton for the baling of the hay of the second cutting, and the testimony establishing without dispute the abandonment by appellee, with the consent of appellant, of such contract, and that whatever hay of the second cutting was baled by appellee was baled under a contract with Gaines B. Turner, and not under a contract with the appellant, it was error for the court to submit to the jury the issue as to appellant's liability under said contract for the baling of the hay of the second cutting"; (2) appellee having alleged that the amounts claimed by him to be due for services rendered were a reasonable compensation for such services, it was error for

the court to authorize the jury to return a verdict for any amount other than what they found from the evidence to be a reasonable compensation for the services performed.

The first contention has been decided against appellant in discussing and disposing of his second assignment of error. The second proposition, we think, should be sustained as to the item of $10 charged for "changing hay from old barn into new barn, Dec., 1915," and the item of $36 charged for "loading 4 cars of hay at Blum shipped to Ft. Worth." There is no evidence in the record showing that appellee's services in removing the hay from the old barn and placing it in the new barn were reasonably worth the amount charged therefor, nor is there any evidence showing that his services in loading the four cars were reasonably worth the amount charged therefor. Neither is there any evidence showing that these services were rendered upon an express agreement that appellant would pay therefor the respective amounts charged for the same and sought to be recovered in this action. In this state of the evidence appellee was not entitled to recover said items, and a recovery therefor should not have been authorized by the court's charge.

[8-10] The appellee was permitted to testify, in substance, that it was his custom, in ascertaining the weight of the hay, to weigh a portion of the hay at different times during the day, and then estimate from that the weight of the bales of hay for the day. The admission of this testimony is complained of and made the basis of appellant's fifth assignment of error. The proposition under this assignment is as follows:

"The appellee not having pleaded custom with reference to the manner of arriving at the average weights of the bales of hay, it was error for the court to permit appellee to prove, over objection of the appellant, the custom prevailing with reference to such matters among men engaged in the business of cutting and baling hay."

The testimony related to the method of ascertaining the weight of the bales of the second cutting of hay, the method as to determining the weight of the bales of the first cutting being different and agreed to by appellant. Our conclusion is that the testimony was admissible, but, if not, the answer to appellant's objection to it is (1) that it appears from the statement of facts that this character of testimony was first given on direct examination of the witness by one of appellant's attorneys of record; (2) that similar testimony respecting the method of arriving at the average weight of the bales of hay given by the witness Geo. W. Thurston was introduced without objection. During said direct examination of the witness, as shown on page 8 of the statement of facts, he testified:

"I came to measure my second cutting by the field weights, and the first by the public weighers' weights, because that was the customary way of arriving at the weight of the number of tons I baled at a time whenever I baled. That is the way we arrived at an average, by weighing in the field and getting the average weight. I figured that way wherever I baled. That's how we got the average."

Then on cross-examination of the witness by counsel for appellee, according to the statement of facts as appears on pages 15 and 16, the witness testified:

"I know the custom with reference to getting weights of the hay that is cut in the field by those who cut and mow it. The customary way of arriving at the number of tons of hay was to weigh it in the field and get the average. That was the custom. The customary way of arriving at the amount of hay you bale for any one was by weighing in the field a quantity of hay and averaging the total of the bales from that. That's how we averaged the total."

This last statement of the witness is quoted in appellant's brief as being the testimony objected to and the admission of which is assigned as error in this court. No objection appears to have been made to the testimony of the witness given on direct examination. On the contrary, the clear inference is that it was elicited by appellant's counsel, and, since the testimony complained of is practically the same as said testimony so elicited, appellant is in no position to complain of its admission. Again, the witness Geo. W. Thurston testified in reference to the second cutting, in substance, that the way he arrived at the average weight of the bales of hay was that he would weigh two or three times a day three or four bales at a time, and "add them up and divide them by the number of bales weighed, and thereby get the average weight of the bales." At another place in the statement of facts it appears that this witness testified as follows:

"I figured up what these bales weighed. The bales I weighed I averaged by weighing two or four bales three or four times a day and averaged the rest from those weights. I don't think it came to a guess. I have been baling a long time and always averaged weights that way."

The testimony admitted without objection being practically the same as that objected to the latter must be regarded as harmless. So often has this been held by appellate courts of this state that the rule has become a familiar one, and authorities need not be cited in support of it.

The question raised by the sixth assignment of error has been disposed of against appellant by our disposition of the fourth, and need not be discussed.

Our conclusion that appellee under the evidence was not entitled to judgment for the $10 item and $36 item charged in the

209 S.W.—17

account does not necessarily require that the case be remanded for another trial. This may be obviated by a remittitur of these amounts. If, therefore, appellee sees fit to enter such remittitur in this court within 10 days from the date of the filing of this opinion, the case will be affirmed; otherwise the judgment of the lower court will be reversed and the cause remanded.