## GUERRA v. McCLELLAN et al.
### No. 12359.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 24, 1951.

Rehearing Denied Nov. 21, 1951.

Gerald Weatherly, Austin, for appellant.

A. J. Vale, Rio Grande City, Raymond, Algee, Alvarado, Kazen & Woods, Laredo, L. Hamilton Lowe, Austin, for appellees.

NORVELL, Justice.

This is an appeal from an order denying a temporary injunction. It is the primary contention of appellant, plaintiff below, that certain expenditures of county funds are being made in contravention of the Uniform Budget Law, Articles 689a–9—689a–12, Vernon's Ann.Civ.Stats.

In the order appealed from, it was recited as a basis for the court's action, that "plaintiff's petition states no cause of action entitling him to the temporary injunctive relief therein prayed for and fails to show any irreparable injury, loss, or damage that will be suffered by plaintiff should the temporary injunction prayed for be denied."

While the court's action is apparently predicated upon the pleadings, it appears that evidence was adduced at the hearing upon plaintiff's application for injunction. From both the pleadings and the evidence it appears that plaintiff was a taxpayer of Starr County. As such, he could maintain a suit to restrain the paying out of county funds in violation of the budget law. This Court so held in Dancey v. Davidson, Tex.Civ.App., 183 S.W.2d 195, wr. ref.; and Hatley v. Bexar County, Tex.Civ.App., 144 S.W.2d 695, rev. on other grounds; Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980.

As this is not an appeal from a final judgment, it seems that many of the matters discussed in the briefs are unnecessary to a disposition of this appeal, although they might become material upon a final trial of the case. A showing that the expenditures were not being made in accordance with the 1951 budget would authorize the issuance of a temporary injunction. Such showing was made upon the hearing below and the trial court erred in refusing to grant the temporary relief prayed for.

It is undisputed that on January 25, 1951, the Commissioners' Court of Starr County entered an order raising the salaries of various county officers. By way of example, although admittedly incomplete, the following schedule shows the difference between the amounts designated in the 1951 budget adopted September 11, 1950, compared with those set forth in the order of January 25, 1951.

| OFFICE: | BUDGET Sept. 11, 1950 | ORDER Jan. 25, 1951 |
|---|---|---|
| Tax Collector & Assessor's salary | $ 3,750. | $ 4,500. |
| Tax Collector & Assessor's Regular Deputy's salary | $ 2,850. | $ 6,000. |
| District Clerk's salary | $ 2,400. | $ 3,000. |
| District Clerk's assistants' and deputies' salaries | $ 1,080. | $ 2,580. |
| County Clerk's salary | $ 3,600. | $ 4,500. |
| County Clerk's deputies' and assistants' salaries | $ 3,400. | $ 6,240. |
| Sheriff,—deputies', assistants', and other employees' salaries | $15,500. | $16,924. |

It is asserted by appellees that this order raising salaries, together with an order adopted by the Commissioners' Court on January 11, 1951, served to effect a valid amendment of the 1951 budget. The order of January 11th contains no recitations or findings as to the existence of an emergency or a state of facts which would authorize a budget amendment, nor does it relate in any way to salaries or the other items in dispute here. It is our conclusion that no valid amendment of the budget was effected by said order. Article 689a–11; Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980.

By means of a motion to dismiss, it is shown that on August 16, 1951, the Commissioners' Court of Starr County adopted an amendment to the 1951 budget (adopted on September 11, 1950). This order refers to and seeks to amplify the order of January 11, 1951. According to the recitations appearing in the order appealed from, it appears that this cause went to trial on July 25, 1951, and that the

order refusing the temporary injunction was signed on August 15, 1951. The amended budget was therefore not a part of the record passed upon by the trial court. It is asserted by appellees, however, that said budget amendment of August 16, 1951, renders this appeal moot. Undoubtedly, in determining our jurisdiction, we may inquire into matters outside the record in the case. We have no jurisdiction to decide moot causes and it may be shown by affidavit or otherwise that a judgment has been paid off and discharged, although an appeal was perfected therefrom. Rule 406, Texas Rules of Civil Procedure; Travis County v. Matthews, Tex.Civ.App., 221 S.W.2d 347. In the present case, the appellant has filed a reply to the motion to dismiss in which he traverses the allegations of fact set out therein and questions the legality of the purported amendment of August 16, 1951. In view of this situation we cannot declare the cause moot and dismiss the cause.

Other considerations are advanced by appellant as bases for the temporary injunction, which we need not discuss in view of the disposition made of this appeal.

■ The order appealed from is reversed and this cause remanded to the district court with instructions to issue a temporary injunction restraining appellees from paying out sums of money not provided for by the 1951 budget of Starr County adopted on September 11, 1950. This order will be entered without prejudice to the right of appellees to urge the legality of the August 16, 1951, order amending the budget as the basis of a motion to dissolve the temporary injunction or urge the same as a defense to appellant's suit upon a trial of the merits.

Reversed and remanded with directions.

## On Motion for Rehearing.

In their motion for rehearing filed herein, appellees say the order of this Court upon reversal, at most, should be one containing "instructions to the court below to issue the temporary injunction only in the event the amended budget (of August 16, 1951) be set aside upon direct attack." It is said that, "In an equitable proceeding such as this, the Trial Court should not be ordered to enjoin the County officials from acting under their Amended Budget until it is shown that same is invalid. The burden of showing its invalidity should be placed upon the complainant where it belongs, and the burden of showing its validity should not be put upon the County officials as a prerequisite to relieving themselves from the onus of an injunction. It is prima facie valid."

■ The amended budget of August 16, 1951, was brought to the attention of this Court by a motion to dismiss this cause, insofar as the temporary injunction was concerned, on the ground that the same was moot. This motion raised a question relating to the jurisdiction of this Court, Rule 406, Texas Rules of Civil Procedure, as "the existence of an actual controversy is essential to an exercise of appellate jurisdiction." 3-A Tex.Jur., 44, § 35. See also, City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638, and authorities collated therein.

We held that in view of appellant's sworn answer to the motion, which had the effect of questioning the validity of the amended budget, we could not say that the cause was moot. We held that the validity of this amendment would have to be determined by further proceedings to be had in the trial court.

We held that said copy of the amended budget could not be considered as a part of the record in this cause (other than as relating to our jurisdiction) and that it appeared from said record, that the trial court erred in refusing to grant the temporary injunction prayed for.

■ It therefore became the duty of this Court to "proceed to render such judgment or decree as the court below should have rendered". Rule 434, R.C.P.

From considerations of seeming convenience, we followed the practice of directing the lower court to issue the injunction without prejudice to appellees' rights to urge the validity of the August 16, 1951, budget amendment in such further proceedings as might be had in the trial court.

This action was in substantial accord with that adopted by us in Dancy v. Davidson, Tex.Civ.App., 183 S.W.2d 195, wr. ref.

 We remain of the opinion that our original disposition of this appeal was correct. It is anomalous to urge in effect that the action of the trial court *on August 15, 1951,* was not erroneous because of the subsequent action of the Starr County Commissioners' Court *on August 16, 1951,* particularly when such action is not properly before us as a part of the record. We must determine the correctness of the trial court's action as of the date of the action and upon the record the lower court then had before it. The amended budget of August 16, 1951, has not been presented to the trial court as evidence, but in effect we are urged upon appeal to consider it as original evidence. It is true that certain presumptions attach as to the validity of the official acts of the Commissioners' Court. Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980, 986. If, however, we should hold that our original opinion was wrong by reason of this new evidence, we would be giving conclusive effect to a rebuttable presumption insofar as this appeal is concerned. We would be holding that although the appellant has never been given an opportunity to prove the invalidity of the budget, it would nevertheless be binding upon him. Appellant has done all that he can possibly do in this Court. He has challenged under oath the validity of the document that appellee affirms under oath. For us to pass on this fact question thus made, would be to prejudge a cause properly triable in another forum.

 The undesirable situation whereby the outcome of cases could be entirely changed by affidavits heard in limine on appeal constitutes the reason why such affidavits are limited to matters relating to the court's jurisdiction. All of the authorities are to the effect that appellate courts, in the absence of an inquiry into jurisdiction, must review cases on the record before them, and not upon supplemental evidence developed after trial and not contained in the statement of facts.

This very question was before the Supreme Court in Stephens County v. J. N. McCammon, Inc., 122 Tex. 148, 52 S.W.2d 53, 55, where, in answer to a certified question, it said: "When an appellate court is called upon to revise the ruling of a trial court, it must do so upon the record before that court when such ruling was made. A party to a suit will not be permitted to try his case in the appellate court on a different statement of facts than that presented in the court below. Willis & Bro. v. Smith, 90 Tex. 635, 40 S.W. 401; Holland v. Jackson, [121 Tex. 1] 37 S.W.2d 726."

The substantial identity of the factual situation of the cited case and the one now before us is disclosed by the opinion of the Court of Civil Appeals in Stephens County v. J. N. McCammon, Tex.Civ.App., 54 S.W. 2d 880, 882; J. N. McCammon v. Stephens County, 127 Tex. 49, 89 S.W.2d 984, wherein, upon motion for rehearing after certified questions had been answered by the Supreme Court, the Court of Civil Appeals said: "The original opinion by this court reversed the judgment of the trial court on the ground that it refused to permit the filing of a plea in abatement, based upon the fact that the plaintiff corporation had not paid its franchise tax to the state of Texas. On motion for rehearing, we were asked to reverse this holding in view of the fact that *the tax had been paid subsequent to the trial and appeal of the case.* The fact of such payment was evidenced by a certificate to that effect incorporated in said motion for rehearing, and in that way called to our attention for the first time. Considering this, and other points, we certified certain questions to the Supreme Court, *one of which involved our right to give any effect whatever* to the fact evidenced by said certificate of the secretary of state. The questions propounded and the answers thereto will be found in Stephens County v. J. N. McCammon, Inc., 122 Tex. 148, 52 S.W.2d 53." (Italics ours.)

Chief Justice Fly, writing for this Court in San Antonio Public Service Co. v. Mitchell, Tex.Civ.App., 238 S.W. 265, 267, said: "There are several Texas decisions in which it is held that the appellate court can

only look to the transcript in determining the rights of the parties, and must always be governed thereby, *except as to cases involving jurisdiction,* upon which question the statute permits matters to be heard aliunde the transcript." (Italics ours.)

The Court there refused to consider matters brought up by a separate motion and not presented originally to the trial court.

In Cochran v. Taylor, Tex.Civ.App., 209 S.W. 253, it was held that evidence sent up to the Court of Civil Appeals, even by the agreement of the parties, may not be considered if it was in fact not a part of the record of the facts contained in the statement of facts reflecting the matters before the trial court.

In Jett v. Kansas City M. & O. Ry. Co. of Texas, Tex.Civ.App., 138 S.W. 1174, 1177, the Court had before it some certified copies of field notes sent up on motion for rehearing. The Court held that it could not consider them, saying, "Of course, we cannot consider these copies, nor permit them to be filed as part of the record herein."

Other cases which set forth similar holdings are: Mills v. Frost Nat. Bank, Tex. Civ.App., 208 S.W. 698; Thetford v. Modern Woodmen of America, Tex.Civ.App., 273 S.W. 666; Hines v. Howell, Tex.Civ. App., 15 S.W.2d 1060; Bohlssen v. Bohlssen, Tex.Civ.App., 56 S.W.2d 913.

When the merits of the case only, and not the appellate court's jurisdiction is involved, the Court of Civil Appeals sits for the purpose of reviewing errors and rendering such judgment as the trial court should have rendered. Its function is not to pass on evidence originally and from a consideration of that evidence to render a judgment. If we should here decide as a fact that the amended budget is valid, legal and correct, we would be passing upon evidence not properly in the record, and giving conclusive effect to a rebuttable presumption without affording the adverse party an opportunity to disprove the presumption, and we would be wholly without the support of the authorities.

As we view the record, appellant was entitled to a temporary injunction on August 15, 1951. Insofar as possible, it is the duty of this Court to render such relief as the trial court should have rendered. Rule 434, R.C.P. In order that such relief may be effectual pending receipt of the mandate in the court below, we have reached the conclusion that, pending action upon further motions for rehearing in this cause and possible action before the Supreme Court, this Court should issue its temporary restraining order to be effective until the mandate in this cause shall have been returned to the court below and an order there entered in accordance with the directions of our original opinion, such order to provide that appellees be restrained from paying out sums of money for 1951 obligations and indebtednesses which are not provided for by the 1951 budget of Starr County, adopted on September 11, 1950. Such order will be issued upon appellant's giving a good and sufficient bond in the sum of $2,500, conditioned as required by law and the Rules of Civil Procedure.

The Court is of the opinion that in the exercise of its discretion a temporary restraining order should issue for the short period of time which will ensue pending the receipt of the mandate and subsequent action in the lower court. We hold that the amended budget is not now before us, but when the subsequent hearing takes place in the trial court, embracing said amended budget and such other evidence as may be submitted by the parties, the trial court may grant or refuse such relief as the facts may then justify.

Appellees' motion for rehearing is overruled.

Appellees' second motion to dismiss this appeal (Mo. No. 16777, filed November 7, 1951) on the ground that an amended petition has been filed in the trial court is overruled.

In view of this Court's action upon motion for rehearing in this cause, appellant's petition for writ of mandamus and other relief (Cause No. 12381) is denied.