**GUERRA v. McCLELLAN et al.**

No. 12359.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 19, 1951.

Gerald Weatherly, Austin, for appellant.

A. J. Vale, Rio Grande City, Raymond, Algee, Alvarado, Kazen & Woods, Laredo, L. Hamilton Lowe, Austin, for appellees.

PER CURIAM.

On December 6, 1951, H. P. Guerra, appellant in the above styled and numbered cause, filed a motion in this Court for contempt proceedings against the appellees in that cause.

Appellant, in his motion for contempt, contends that the appellees have violated the temporary injunction authorized by this Court and that they have also violated a temporary injunction issued by the District Judge of Starr County on November 26, 1951. On November 21, 1951, this Court delivered an opinion 243 S.W.2d 715, authorizing the Clerk of this Court to issue a temporary injunction upon appellant's filing a bond in the sum of $2,500, restraining the appellees from paying out any money or funds of Starr County except as was authorized by the 1951 budget of that County, adopted on September 11, 1950. The $2,500 bond has never been filed in this Court and this temporary injunction has never been issued. However, on November 24th the parties herein filed in this Court a joint motion asking that the mandate of this Court issue at once to the District Court of Starr County. This motion was on that day granted and the mandate of this Court was then issued to the district court. The parties then appeared in the district court

on November 26th and the district court then and there, in keeping with the directions of this Court, issued a temporary injunction enjoining the appellees, who are the respondents here, from paying out any funds of Starr County except such as were provided for by the county budget of 1951. On November 29, 1951, petitioner Guerra filed in that court his answer to respondents' motion to dissolve this temporary injunction and also asking that the respondents be held in contempt of that court, alleging violation of the temporary injunction. On December 1, 1951, the motion to dissolve, together with the motion for contempt proceedings, was heard by the district judge of Starr County, at which time he dissolved the temporary injunction issued by him on November 26th and overruled petitioner Guerra's motion for contempt proceedings. Apparently no appeal was taken from this judgment of the district court, and the next step was relator's motion for leave to file his petition for contempt proceedings which was presented to this Court on December 6, 1951.

Appellant's principal reason for filing this original pleading for contempt in this Court is based upon the contention that the Honorable Sam G. Reams, Judge of the District Court of Starr County was and is disqualified to hear the contempt proceedings filed in that court and was and is also disqualified to hear the motion to dismiss the temporary injunction theretofore issued by him on November 26th, because on November 30, 1951, appellees issued and approved a warrant of Starr County drawn on the jury fund of said county, payable to, but uncashed by, Honorable Sam G. Reams, in the sum of $25, which it is contended was in violation of the temporary injunction issued by Judge Reams on November 26, 1951, as this $25 item was not covered by, or was paid in violation of, the provisions of the 1951 budget of Starr County, although that sum was admittedly owing to Judge Reams.

The alleged acts of contempt are divided into three separate periods of time:

(a) The period between and including November 21, 1951, and November 25, 1951, covered by this Court's authorized temporary restraining order of November 21, 1951.

(b) The period between and including November 26, 1951, and December 1, 1951, covered by the trial court's injunction of November 26, 1951, which became effective the morning of November 26, 1951. This period ends with the granting of the purported order of December 1, 1951, dissolving the November 26th injunction.

(c) The period after December 1, 1951, until the present, or until the filing of the present motion.

We will discuss these three periods of time separately. The first period relates to the time during which this Court authorized a temporary injunction in its opinion delivered November 21, 1951. This temporary injunction was to be issued if, as and when the appellant filed an injunction bond in this Court in the sum of $2,500. This bond has never been filed and therefore the injunction has never been issued. Apparently petitioner decided not to file the $2,500 bond in this Court and to forego the issuance of this temporary injunction. On the other hand he entered into an agreement with the adverse parties to file a joint motion for the return of the mandate in Cause No. 12359 to the district court and to there secure a temporary injunction. When this agreed motion was filed in this Court this Court at once entered an order directing that the mandate should issue, and it was issued and received in the trial court on November 26, 1951. Appellant contends, however, that respondents had notice of the opinion on November 21st and therefore were bound not to violate the temporary injunction which was therein authorized. Ordinarily this is true, and defendant cannot as a general rule defeat the purpose of a temporary injunction by doing the prohibited act before he can be officially served with the temporary injunction. However, here we have an abandonment of the temporary injunction and an intentional failure of relator to file the injunction bond required. Under such circumstances there was no injunction in effect between November 21st and the 26th, and therefore this

Court has no jurisdiction to punish any alleged violation of this temporary injunction which was never issued, and which by agreement of the parties never will issue, as the mandate has been sent to the trial court.

Relator urges that he has been seeking an injunction since July. This Court granted relator an injunction, conditioned upon his posting a bond, and while many authorities hold that an injunction may not be defeated during the time it is being issued, those authorities contemplate that the steps required for its issuance will be diligently pursued. No such pursuit is here presented. On the other hand, it occurs to us that once relator's right to an injunction was recognized, he then ceased to pursue it. He then chose to forgive its issuance in the interest of avoiding the necessity of making the bond and in hurrying the mandate's issuance, so he could proceed below. No bond has yet been given. We do not feel that the injunction should issue except on the terms stated by this Court. We do not think that counsel could change the court's order and the conditions upon which an injunction shall issue by agreeing upon something that to them is just as satisfactory. We think the relator elected to exercise all his efforts to obtain a speedy trial below rather than to avail himself of an injunction. We know of no reason why he could not have done both as quickly as he did the one. We think he has not complied with the requirements which are clear. No injunction has ever issued and until the bond is made, as previously ordered, none shall issue.

■ Whether or not this Court should take jurisdiction of any alleged violations of the temporary injunction during the last two periods of time depends upon whether or not the district court was disqualified to pass upon the contempt proceedings filed in the district court, and whether he was disqualified to pass upon the motion to dissolve the temporary injunction also filed in the district court. No question as to the disqualification of the district judge was suggested in the trial court until after he had dissolved the temporary injunction and overruled the contempt proceedings. Whether the district judge was disqualified by reason of the issuance to him of this uncashed $25 warrant on November 29th, to pass upon the matters above stated depends upon a great many facts with reference to the 1951 budget and amount of revenue on hand in Starr County. We feel that we should not here pass upon the disqualification of the district judge upon the ex parte affidavit of petitioner. This matter can best be passed upon in the first instance by the district judge himself, and if he sees fit by another district judge assigned to his court to hear this matter. In the event it is determined that he is disqualified to pass upon this matter, then it is a rather simple matter to secure a district judge from another district to determine such matters in the District Court of Starr County. Wagner v. State, Tex.Civ.App., 217 S.W.2d 463.

Appellant's motion for leave to file original contempt proceedings in this Court is overruled.