

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 13, 1998

The Honorable James M. Kuboviak
Brazos County Attorney
300 East 26th Street, Suite 325
Bryan, Texas 77803

Opinion No. DM-470

Re: Whether the tax collector of a county that contracts under section 6.24(b) of the Tax Code to have its taxes collected by another entity must register with the Board of Tax Professional Examiners (RQ-971)

Dear Mr. Kuboviak:

Your inquiry concerns the responsibilities of a county tax assessor-collector in a county that contracts pursuant to section 6.24 of the Tax Code to have its taxes assessed and collected by another entity. You first ask whether a succeeding tax assessor-collector must approve contracts for assessing or collecting taxes[1] already in effect at the time he or she takes office.

The assessor-collector for a county, determined as provided by article VIII, sections 14, 16, and 16a of the Texas Constitution,[2] "shall assess and collect taxes on property in the county for the county."[3] Section 6.24(b) of the Tax Code provides as follows:

> [t]he commissioners court with the approval of the county assessor collector may contract as provided by the Interlocal Cooperation Act[4] with the governing body of another taxing unit in the county or with the board of

---

[1]Your question actually refers to the duties of a "tax collector" with respect to a "tax collection" contract entered into before he or she takes office, but we will address contracts for the assessment and collection of taxes since that is the language used in section 6.24 of the Tax Code. *See* Tax Code chs. 26 (assessment), 31 (collections).

[2]Tax Code § 6.21(a). Article VIII, section 14 of the Texas Constitution provides that the voters of each county shall elect an assessor and collector of taxes to a four-year term. Section 16 of article VIII provides that the sheriff shall be tax assessor-collector in counties having a population of less that 10,000 inhabitants, and section 16a permits the voters of a county under 10,000 to decide to add a tax assessor-collector to the list of county officers.

[3]*Id.* § 6.23(a). Article VIII, section 14 of the Texas Constitution requires the assessor-collector of taxes to "perform all the duties with respect to assessing property . . . and collecting taxes, as may be prescribed by the Legislature." *See* Tex. Const. art. VIII, § 18 (single appraisal within each county of all property subject to ad valorem taxation by the county and other taxing units located therein shall be provided for by general law).

[4]Gov't Code ch. 791.

directors of the appraisal district for the other unit or the district to perform duties relating to the assessment or collection of taxes for the county. If a county contracts to have its taxes assessed and collected by another taxing unit or by the appraisal district, the contract shall require the other unit or the district to assess and collect all taxes the county is required to assess and collect.[5]

This provision authorizes a contract to obtain assistance for the county tax assessor-collector with respect to the assessment or collection of taxes, and not to supplant him.[6] "Assessment," as defined by the statute requiring registration of persons who perform assessment and collection functions,[7] means "those functions described in Chapter 26, Tax Code, and performed by employees of political subdivisions or by persons acting on behalf of political subdivisions, to determine an amount of ad valorem tax."[8] "Collections," as defined by the same statute, means "those functions described in Chapter 31 and Sections 33.02, 33.03, and 33.04, Tax Code."

Ordinarily, contracts made by a commissioners court, or a similar body, cannot be repudiated merely because the personnel of the body has subsequently changed.[9] Texas courts have reached this conclusion with respect to school board contracts to employee teachers,[10] a commissioners court's contract with a corporation to provide architectural services,[11] and a commissioners court's contract with a supervisor of road construction for the time reasonably necessary to complete the work.[12] Assuming that the contract to assist the tax collector in the collection of taxes complies with the statutory authorization and other relevant law, we believe that a tax assessor-collector's approval binds that office for the term of the contract. A contract already entered into by the commissioners

---

[5]Tax Code § 6.24(b) (footnote added).

[6]Attorney General Opinion JM-833 (1987). *See Green v. Stewart,* 516 S.W.2d 133 (Tex. 1974) (deputies appointed to assist county tax assessor-collector with assessment and collection duties acted in his right and not in their own right). *Pritchard & Abbot v. McKenna,* 350 S.W.2d 333 (Tex. 1961) (implied authority of commissioners court to contract with private firm for appraisal of all property in county).

[7]V.T.C.S. art. 8885.

[8]*Id.* § 2(2).

[9]*Gulf Bithulithic Co. v. Nueces County,* 11 S.W.2d 305, 310 (Tex. Comm'n App. 1928, judgm't adopted).

[10]*Miller v. Smiley,* 65 S.W.2d 417, 420 (Tex. Civ. App.--Galveston 1933, writ ref'd); *Town of Pearsall v. Woolls,* 50 S.W. 959, 961 (Tex. Civ. App.--1899, no writ)

[11]*J.N. McCammon, Inc. v. Stephens County,* 89 S.W.2d 984, 986 (1936).

[12]*Gulf Bithulithic Co.,* 11 S.W.2d at 310.

court and approved by the county tax assessor-collector would not be subject to approval by an individual who assumes the office of tax assessor-collector during the term of the contract.[13]

You also ask whether the tax assessor-collector of a county that contracts under section 6.24(b) of the Tax Code to have its taxes collected by another entity is required to register with the Board of Tax Professional Examiners under article 8885, V.T.C.S., and if so, whether the county would be required to pay for the course work required for certification.

Article 8885, V.T.C.S., creates the Board of Tax Professional Examiners (the "board") and requires the registration and certification of persons engaged in tax appraisal, assessment, or collection functions. The "board by rule shall adopt minimum requirements for the certification of registrants."[14] A person registered as an assessor or assessor-collector must attain certification as a registered Texas assessor within five years after his or her initial registration.[15] The board has adopted educational requirements for certification in various classifications of persons required to register.[16]

Section 11 of article 8885 provides that the following persons shall register with the board:

(1) [appraisers]

(2) the tax assessor-collector, tax collector, or other person designated by the governing body of a taxing unit as the chief administrator of the unit's assessment functions, collections functions, or both; and other persons who perform assessment or collections functions for the unit whom the chief administrator of the unit's tax officer requires to register; and

---

[13]Attorney General Opinion JM-908 states that the rule of *Gulf Bithulithic Co. v. Nueces County* does not apply to a contract for services to be rendered during a particular period, but only to a contract for a particular act that may extend beyond the terms of the present members of the commissioners court. Attorney General Opinion JM-908 (1988) at 3, n.1. This reading of *Gulf Bithulithic Co.* is narrower than the reading given in Texas Jurisprudence and American Law Reports. *See* Attorney General Opinion JM-908 (1988) at 3, n.1; 70 A.L.R. 794 (1931) (Annot.); 149 A.L.R. 336 (1931) (Annot.); 60 Tex. Jur. 3D, *Public Officers and Employees* § 154 (1988). Moreover, the court in *Gulf Bithulithic Co.* did not expressly narrow the rule in the way indicated by Attorney General Opinion JM-908. Although we question this statement in Attorney General Opinion JM-908, we need not consider its correctness at this time, because that opinion was limited to cases where the governmental entity lacked statutory authority for the contract. In the present case, section 6.24(b) of the Tax Code gives the commissioners court express authority to contract for the performance of duties relating to the assessment or collection of taxes for the county, and, pursuant to the Interlocal Cooperation Act, such contracts may last for at least a year. *See* Gov't Code § 791.011(f) (an interlocal contract may be renewed annually).

[14]V.T.C.S. art. 8885, § 17(a).

[15]*Id.* § 17(b)(2).

[16]22 T.A.C. §§ 623.8, .9, .10, .14.

(3) [appraisers]

Attorney General Opinion H-1120 of this office concluded that the county tax assessor-collector was required to register with the board under former article 7244b, V.T.C.S., the predecessor statute to article 8885, V.T.C.S. Attorney General Opinion H-1120 (1978) at 3. Article 8885, V.T.C.S., does not expressly exempt from registration the constitutional county tax assessor-collector if he or she has approved an interlocal contract for another taxing unit "to perform duties relating to the assessment or collection of taxes."[17] However, section 15 of article 8885, V.T.C.S., adopted several years after the issuance of Attorney General Opinion H-1120, may in effect exempt such tax assessor-collectors. Section 15 provides as follows: "An applicant must be at least 18 years of age, a resident of the State of Texas, a person of good moral character and *actively engaged in appraisal, assessment, or collection for a taxing unit*."[18]

It is the board's opinion that a county tax assessor collector who has approved a contract to transfer assessment and collections to another political subdivision is not "actively engaged in appraisal, assessment, or collection for a taxing unit," and therefore is neither required nor permitted to register with the board.[19]

The phrase "actively engaged" appears in many Texas statutes. For example, four members of the Texas Board of Architectural Examiners must be architects who have been "actively engaged" in the practice of architecture for five years preceding their appointment.[20] The Insurance Code provides that no license shall be granted to any person unless that person "is or intends to be,

---

[17]Tax Code § 6.24(b).

[18]V.T.C.S. art. 8885, § 15 (emphasis added). The provision was adopted in 1983 and codified as section 15 of article 7244b, V.T.C.S. Act of May 26, 1983, 68th Leg., R.S., ch. 980, § 1, 1983 Tex. Gen. Laws 5329, 5338. Article 7244b was redesignated as article 8885, V.T.C.S., in 1989. Act of Feb. 22, 1989, 71st Leg., R.S., ch. 2, §§ 14.04, 16.02(d), 1989 Tex. Gen. Laws 123, 181, 199.

[19]Letter from Darla Doss, Chair, Board of Tax Professional Examiners, to The Honorable Dan Morales, Office of Texas Attorney General 2 (Oct. 22, 1997). The following provision of a rule promulgated by the board is also cited in support of the conclusion that the county tax assessor-collector of a county that has a contract for tax assessment and collections under section 6.24(b) of the Tax Code is not required to register with the board:

> If a political subdivision which is empowered to levy a property tax has no official performing either assessment or collections functions because both types of functions are performed by another governmental unit(s), then no person in that political subdivision will be required to register.

22 T.A.C. § 623.3(3)(C).

[20]V.T.C.S. art. 249a, § 2(a)(1).

actively engaged in the soliciting or writing of insurance for the public generally."[21]  The rule allowing attorneys from other jurisdictions to be admitted to the State Bar of Texas without examination requires the applicant to have been "actively and substantially engaged" in the practice of law as his or her principal business or occupation for at least five of the last seven years.[22]

The phrase "actively engaged" is not defined by article 8885, V.T.C.S., and we have not found another statute that defines it. Words in a statute are ordinarily given their plain meaning,[23] and a dictionary may be consulted to determine the meaning of a word.[24] A dictionary has defined "actively," as "in an active manner,"[25] and "active" as "characterized by action rather than by contemplation."[26]  "Engaged" has been defined as "occupied, employed."[27]  In a case involving admission to the Rhode Island State Bar by reciprocity, the Rhode Island Supreme Court determined that "engagement in the active general practice [of law] means a showing that the legal activities of the applicant were pursued on a full-time basis and constituted his regular business."[28]

In the context of section 15 of article 8885, V.T.C.S., we believe that a person "actively engaged in appraisal, assessment, or collection for a taxing unit"[29] must do the actual work of assessing and collecting taxes. The board reads section 15 as limiting section 11(2) of article 8885, which requires "the tax assessor-collector, tax collector" and various other persons to register.

---

[21]Ins. Code art. 21.14, § 5.

[22]TEX. R. GOVERN. BAR ADMIS. XIII(a)(1)(C) (West Supp. 1997). Section 82.036 of the Government Code provides that the supreme court shall make rules and regulations as to admitting attorneys from other jurisdictions to practice law in this state.

[23]Big H Auto Auction, Inc. v. Saenz Motors, 665 S.W.2d 756, 758 (Tex. 1984).

[24]Bd. of Ins. Comm'rs v. Duncan, 174 S.W.2d 326, 328-29 (Tex. Civ. App.--Amarillo 1943, writ ref'd) (court may consult a dictionary to determine the meaning of a word or phrase in a statute).

[25]1A C.J.S. Actively 756 (1985).

[26]WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 22 (3d ed. 1969).

[27]Id. at 751 (all capital letters in original).

[28]Petitions of Jackson and Shields, 187 A.2d 536, 540 (R.I. 1963); see Appeal of Rogers, 83 A.2d 517 (Md. 1946) (petitioner whose law practice was of a desultory nature consisting of a few cases, consultations, and debt collections, was not "actively and continuously engaged in the practice of law"); cf. Lucius v. State Board of Bar Examiners, 503 P.2d 1160 (N.M. 1972) ("actual practice" is opposite of casual, occasional, or clandestine practice, and implies active, open and notorious engagement in a business, vocation, or profession).

[29]V.T.C.S. art. 8885, § 15.

We believe that this is a reasonable construction of sections 11 and 15 of article 8885, and accordingly we will defer to the board's judgment on this matter.[30]   We conclude that the tax assessor-collector of a county that contracts under section 6.24(b) of the Tax Code to have its taxes collected by another entity is not actively engaged in assessing or collecting taxes within the meaning of section 11 of article 8885, V.T.C.S., and therefore is not required or permitted to register with the Board of Tax Professional Examiners under article 8885, V.T.C.S.[31]

In view of our decision the county tax assessor-collector may not be certified by the board, we will not address your question about payment for the course work required for certification.[32]

-----

[30]The courts will ordinarily adopt a construction placed on a statute by a department charged with its administration, if the construction is reasonable. *Calvert v. Kadane*, 427 S.W.2d 605, 608 (Tex. 1968).

[31]We do not believe that section 11A of article 8885, V.T.C.S., requires a different result. This provision, which exempts from registration "[a] tax assessor-collector of a county with a population of 1,000,000 or more," applies whether or not the county tax assessor-collector is actively engaged in assessing or collecting taxes. Tax assessor-collectors exempted by section 11A are moreover subject to continuing education requirements specifically applicable only to them. *See* Tax Code § 6.235.

[32]22 T.A.C. § 623.3.

## S U M M A R Y

When the commissioners court of a county contracts under section 6.24(b) of the Tax Code to have its taxes collected by another entity and the county tax assessor-collector approves the contract pursuant to that provision, the contract would not be subject to approval by an individual who assumes the office of tax assessor-collector during the term of the contract. The tax assessor-collector of a county that contracts under section 6.24(b) of the Tax Code to have its taxes collected by another entity is not actively engaged in assessing or collecting taxes within the meaning of section 15 of article 8885, V.T.C.S., and therefore is not required or permitted to register with the Board of Tax Professional Examiners under article 8885, V.T.C.S.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General